UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

2:09-CV-748 JCM (RJJ)

ROBERT GREENE,

    Plaintiff,

v.

ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, et al.,

    Defendants.

**ORDER**

Presently before the court is plaintiffs Sam Baum, et al's (hereinafter "Baum") motion to certify class, appointment of class counsel, approval of class notice, and request for an order compelling production of names and addresses of employees from 2002 to present. (Doc. #27). Defendants Alan Waxler, et al (hereinafter "AWG") filed an opposition to the motion. (Doc. #32). Plaintiff Robert Greene filed an opposition to plaintiffs Baum's motion for class certification. (Doc. #34) Plaintiffs Baum, filed a reply to defendants' opposition to their motion. (Doc. #36).

Plaintiffs Baum's complaint stems from the alleged failure of their employer, defendants AWG, to pay minimum wages and overtime, in violation of Chapter 608 of the Nevada Revised Statutes and the Federal Fair Labor Standards Act. Plaintiffs Baum, consisting of Sam Baum and sixteen other drivers for AWG, seek minimum wages and overtime, penalties for failure to pay minimum wages and overtime at the time of termination, and attorneys' fees and costs.

The case of *Sam Baum, et al. v. Alan Waxler, et al.* (2:09-cv-00914-JCM-RJJ), was

**James C. Mahan**
**U.S. District Judge**

1  consolidated with the above captioned case on May 29, 2009, per defendants' emergency motion to consolidate. (Doc. #7). Subsequently, plaintiffs Baum filed this motion to certify class pursuant to Federal Rule of Civil Procedure 23.

Under rule 23(a) of the Federal Rules of Civil Procedure, "one or more members of any class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impractical, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Further, under rule 23(b)(3), certification requires movants to demonstrate that the "questions of law or fact common to class members predominate," and that "class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

In their motion, plaintiffs Baum assert that each necessary element is satisfied for certification, and that in its motion to consolidate, AWG already admitted that the consolidated claims brought by the drivers "raise identical issues of law and fact," and "will largely involve the same discovery, same witnesses, the same legal analysis, and the same relevant period."

However, in plaintiff Greene's opposition, he asserts that the certification will "jeopardize all three cases now pending before this court on the same issue with many of the same parties." Plaintiff Greene's counsel is representing him in the related case of *Greene v. Executive Coach and Carriage* (2:09-cv-00466-RCJ-RJJ), and is counsel in another related case before this court, *Lucas v. Bell Trans,* (2:08-cv-01792-RCJ-RJJ). Greene's counsel asserts that the *Baum* case is a "tag-along," and that if the class is certified, he would be the appropriate class counsel. As counsel on the other cases, he assures the court that he is in the process of exploring settlement. By controlling all the actions, Greene's counsel claims he would "maximize the settlement for all three groups of drivers, many of whom worked for all three companies."

Further, plaintiff Greene asserts that the motion to certify the class (doc. #27) is untimely. He alleges that "*before* the answer to the complaint was due, and *before* any Rule 26(f) conference could be had, and *without* any meet and confer with either counsel for the other plaintiff or opposing

1 counsel," plaintiff filed the pending motion. [emphasis added]

2     This court is not inclined to certify a class for an action where plaintiffs cannot agree on the
3 certification and its appropriateness.

4     Accordingly,

5     IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiffs Sam Baum, et al's
6 motion to certify class (doc. # 27) be, and the same hereby is, DENIED, without prejudice.

7     DATED October 6, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**