KYLE SMITH, ESQ.  
Nevada Bar No. 9692  
SMITH LAW OFFICE  
10161 Park Run Drive, Suite 150  
Las Vegas, NV 89145  
T: (702) 318-6500  
F: (702) 318-6501  

JASON KULLER, ESQ.  
Nevada Bar No. 12244  
MARK THIERMAN, ESQ.  
Nevada Bar No. 8285  
THIERMAN LAW FIRM P.C.  
7287 Lakeside Drive  
Reno, NV 89511  
T: (775) 284-1500  
F: (775) 703-5027

# UNITED STATES DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| ROBERT GREENE, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, a Nevada Limited Liability Company, Does 1-50, inclusive,<br><br>    Defendants<br><br>SAM BAUM, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALAN WAXLER, et al.,<br><br>    Defendants. | Greene v. Alan Waxler Charter Services<br>Case No.: 2:09-CV-00748-JCM-RJJ<br><br>Consolidated with:<br>Baum, et. al. v. Alan Waxler, et. al.<br>Case No.: 2:09-CV-0914-LDG-PAL<br><br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGEMENT and MOTION TO CERTIFY CLASS WITHOUT PREJUDICE** |

    Before the Court is Plaintiffs' Joint Motion for Class Certification (Doc. #73), Defendant AWG's Motion for Summary Adjudication (Doc. #70), and Plaintiffs' Cross-Motion for Summary Adjudication (Doc.#82), with Plaintiffs represented by Jason Kuller, Esq. and Kyle Smith, Esq., and Norman Kirshman appearing on behalf of Defendant

AWG. The Court having considered the pleadings, evidence, and arguments of counsel presented at hearing on these matters on November 30, 2011, and good cause appearing, THE COURT HEREBY ORDERS THAT:

1. Plaintiffs' Joint Motion to Certify Class (Doc. #73) is DENIED without prejudice. The Court finds that Plaintiffs have failed to demonstrate numerosity of class members at this stage.

2. Defendant AWG's Motion for Summary Judgment (Doc. #70) is DENIED without prejudice. The Court finds that Defendant has not demonstrated entitlement to the Motor Carrier Act exemption in light of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETY-LU") and the SAFETY-LU Technical Corrections Act of 2008. The Court further finds that Plaintiffs' state-law causes of action under NRS §§ 608.016, 608.040, and the Nevada State Constitution art. 15, § 16(B), are viable as a matter of law. Otherwise, the Court finds fact issues remain precluding summary adjudication.

3. Plaintiffs' Cross-Motion for Summary Adjudication (Doc. #82) is DENIED without prejudice. Although the Court finds that Plaintiffs' state-law claims are legally viable, Plaintiffs have not demonstrated their entitlement to summary adjudication on these claims.

DATED this 20 day of December, 2011.

_____
U.S. DISTRICT COURT JUDGE
JAMES C. MAHAN

Respectfully submitted & reviewed by:

By: */s/ Kyle Smith*
**KYLE SMITH, ESQ.**
NV Bar No. 9692
10161 Park Run Drive
Las Vegas, NV 89145
*Attorneys for Plaintiffs Baum, et al.*

By:*/s/ Jason Kuller*
**MARK THIERMAN, ESQ.**
**JASON KULLER, ESQ.**
Thierman Law Firm, P.C.
7287 Lakeside Drive
Reno, NV 89511
*Attorney for Plaintiff Greene*