1
2
3
4
5 **UNITED STATES DISTRICT COURT**
6 **DISTRICT OF NEVADA**

2:09-CV-748 JCM (RJJ)

ROBERT GREENE,

       Plaintiff,

v.

ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, et al.,

       Defendants.

**ORDER**

Presently before the court is plaintiffs Robert A. Greene, et. al.'s renewed joint motion for class certification. (Doc. #95). Defendants Alan Waxler Group Charter Services, LLC, et. al. filed an opposition. (Doc. #96). Plaintiffs then filed a reply. (Doc. #97).

On December 20, 2011, the court denied plaintiffs' joint motion to certify class and collective action without prejudice, finding that plaintiffs had not satisfied the numerosity requirement of Federal Rule of Civil Procedure 23. (Doc. #94). Plaintiffs now renew their motion to certify class and collective action pursuant to Rule 23 and the Fair Labor Standards Act ("FLSA"). (Doc. #95). Specifically, plaintiffs state that their proposed state law class meets all of Rule 23's substantive requirements. Further, plaintiffs argue that Rule 23's numerosity requirement does not apply to a FLSA collective action, and plaintiffs have demonstrated that they are "similarly situated" to the putative collective action members. (Doc. #95).

**James C. Mahan**
**U.S. District Judge**

Plaintiffs seek certification of two overlapping classes under state and federal law. Pursuant to NRS 608, plaintiffs seek certification of a state class consisting of "[a]ll current and former drivers employed by [defendants] in the State of Nevada during the [c]lass [p]eriod." (Doc. #95). Further, pursuant to the FLSA, plaintiffs seek certification of a federal collective action consisting of "[a]ll current and former drivers employed by [defendants] during the [c]lass [p]eriod excluding those employees over whom the Secretary of the U.S. Department of Transportation has power to establish qualifications and maximum hours of service rules pursuant to the Motor Carrier Act of 1935." (Doc. #95).

I. **State class under NRS 608**

In the order denying plaintiffs' first motion for class certification, the court found that plaintiffs had failed to demonstrate numerosity. (Doc. #94). Accordingly, plaintiffs' renewed motion to certify state class focuses on Rule 23's numerosity requirement. (Doc. #95).

Pursuant to Federal Rule of Civil Procedure 23(a)(1), the court can certify a class only if "the class is so numerous that joinder of all members is impracticable." Rule 23's "numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 330 (1980). Numerosity is presumed at a level of 40 members. *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995); *see also Rannis v. Recchia*, 380 Fed. Appx. 646, 651 (9th Cir. 2010).

In this case, plaintiffs assert that "[d]efendant's own evidence establishes that approximately 150 drivers were employed from 2007 to present." (Doc. #95). In support of this assertion, plaintiffs note that defendant Alan Waxler Group's general manager and former vice-president of operations Daniella Chan admitted in a declaration that "[d]uring the relevant time period (2007, 2008, and 2009), and thereafter to date, approximately 100 of 150 drivers possessed a CDL; and could and did drive SUV's, coaches or buses, as needed." (Doc. #95, Ex. 1). Plaintiffs further note that, while they are not required to provide an exact number of persons in the class at this stage of the proceedings, they are unable to do so because defendants refuse to provide this information. (Doc. #95).

1  Nevertheless, plaintiffs assert that the approximately 150 class members fulfill the numerosity
2  requirement of Rule 23.  (Doc. #95).

3       The court finds that plaintiffs have demonstrated Rule 23's numerosity requirement.
4  Defendants' former vice-president of operations estimated that defendants employed approximately
5  150 drivers during the relevant time period.  Therefore, plaintiffs have shown that the putative class
6  is more than the level at which numerosity is presumed.  *See Consolidated Rail Corp.*, 47 F.3d at
7  483.  Further, in light of the court's previous order denying plaintiffs' first motion to certify class
8  based solely on plaintiffs' failure to demonstrate numerosity, the court finds that the remainder of
9  the Rule 23 requirements are met.  (*See* Doc. #94).

10 **II.**     **Federal collective action under FLSA**

11      Under the FLSA, an employee may initiate a class action on behalf of himself or herself and
12 other similarly situated people.  29 U.S.C. § 216(b).  However, "no employee shall be a party to any
13 such action unless he gives his consent in writing to become such a party and such consent is filed
14 with the court in which such action is brought." *Id.*  While the FLSA does not require certification
15 for collective actions, "certification in a § 216(b) collective action is an effective case management
16 tool . . . ." *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 989 (C.D. Cal. 2006).

17      "The clear weight of authority holds that Rule 23 procedures are inappropriate for the
18 prosecution of class actions under [29 U.S.C.] § 216(b)." *Wang v. Chinese Daily News, Inc.*, 623
19 F.3d 743, 761 (9th Cir. 2010) *vacated on other grounds by Chinese Daily News, Inc. v. Wang*, 132
20 S.Ct. 74 (2011).  Instead, "[t]o certify a FLSA collective action, the court must evaluate whether the
21 proposed lead plaintiffs and the proposed collective action group are 'similarly situated' for purposes
22 of § 216(b)." *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004).  In the
23 first step of this analysis, the court relies "primarily on the pleadings and any affidavits submitted
24 by the parties [to decide] whether the potential class should be given notice of the action." *Edwards*,
25 467 F. Supp. 2d at 990.  Plaintiffs "seeking to create a § 216(b) opt-in class need show that their
26 positions are similar, but not identical to, the positions held by putative class members." *Davis v.*
27 *Westgate Planet Hollywood Las Vegas, LLC*, 2009 WL 102735, at *9 (D. Nev. 2009).  The second
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  step of this analysis "occurs once discovery is complete and the case is ready for trial. At that time,
2  the party opposing § 216(b) collective action treatment may move to decertify the class." *Edwards*,
3  467 F. Supp. 2d at 990 n.1.

4  Plaintiffs state that defendants have admitted that the plaintiffs are similarly situated. (Doc.
5  #95). In their emergency motion to consolidate cases, defendants stated that plaintiffs' claims "raise
6  identical issues of law and fact: Did [defendants] fail or refuse to pay a class of drivers minimum
7  wages and overtime for all hours worked in violation of state and federal laws." (Doc. #7). Thus,
8  plaintiffs argue that the "similarly situated" standard is undisputed by defendants and certification
9  of the collective action is appropriate. (Doc. #95).

10  Defendants do not oppose certification of the FLSA collective action. (Doc. #96). Instead,
11  defendants dispute only the applicable class period of the FLSA collective action. (Doc. #96). This
12  issue is addressed below.

13  The court finds that collective action certification pursuant to 29 U.S.C. § 216(b) is
14  appropriate. Plaintiffs have demonstrated that their positions are similar to the positions held by
15  putative class members. *Davis*, 2009 WL 102735, at *9.

16  **III.   Applicable class period**

17  The parties further dispute the length of the applicable class period. Plaintiffs assert that the
18  class period should be set at "the outer limitations period until all necessary factual determinations
19  are made." (Doc. #95). Plaintiffs argue that equitable tolling applies in this case because defendants
20  made misrepresentations and assurances to drivers that they were being lawfully paid; therefore,
21  plaintiffs request equitable tolling to 2003. (Doc. #95). This broad class period can be "pruned" if
22  necessary "as factual determinations unfold." (Doc. #95). In contrast, defendants argue for a two-
23  year class period pursuant to 29 U.S.C. § 255(a). (Doc. #96).

24  An action under the FLSA "must be commenced 'within two years after the cause of action
25  accrued,' unless the cause of action arises 'out of a willful violation.' In the case of a willful
26  violation, the limitations period is extended to three years." *Dent v. Cox Communications Las*
27  *Vegas, Inc.*, 502 F.3d 1141, 11144 (9th Cir. 2007) (citing 29 U.S.C. § 255(a)). In Nevada, there is
28

James C. Mahan
U.S. District Judge

- 4 -

a four-year statute of limitations for an "action upon a contract, obligation, or liability not founded upon an instrument in writing." NRS 11.190(2)(c).

The Ninth Circuit permits equitable tolling in FLSA claims. *See Partlow v. Jewish Orphans' Home of S. Cal. Inc.*, 645 F.2d 757, 760 (9th Cir. 1981); *Donovan v. Crisostomo*, 689 F.2d 869 (9th Cir. 1982); *Cranney v. Carriage Services, Inc.*, 559 F. Supp. 2d 1106 (D. Nev. 2008).

> Federal courts have applied the doctrine of equitable tolling in two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiff's control made it impossible to file the claims on time.

*Cranney*, 559 F. Supp. 2d at 1109. The doctrine of equitable tolling only applies in rare situations. *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996).

In this case, plaintiffs allege that defendants misrepresented the applicable law and assured plaintiffs that they were being paid lawfully. (Doc. #95). Therefore, plaintiffs have alleged wrongful conduct by defendants which prevented plaintiffs from asserting their claims. *See Cranney*, 559 F. Supp. 2d at 1109.

At this stage of the proceedings, the court defines the relevant class period broadly, including any possible claims dating to 2003. Nevertheless, defendants may later move to "prune" the relevant class period once "discovery is complete and the case is ready for trial." *Edwards*, 467 F. Supp. 2d at 990 n.1. (describing the second step of the collective action certification analysis whereby the party opposing collective action treatment may move to decertify the class).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Robert A. Greene, et. al.'s renewed joint motion for class certification (doc. #95) be, and the same hereby is, GRANTED.

DATED April 17, 2012.

_____
UNITED STATES DISTRICT JUDGE