THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT GREENE, on behalf of himself and all others similarly situated, | Greene v. Alan Waxler Charter Services<br>Case No.: 2:09-CV-00748-JCM-RJJ |
| Plaintiffs, | |
| v. | Consolidated with:<br>Baum, et. al. v. Alan Waxler, et. al.<br>Case No.: 2:09-CV-0914-LDG-PAL |
| ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, a Nevada Limited Liability Company, Does 1-50, inclusive, | |
| Defendants | **ORDER APPROVING FLSA AND CLASS NOTICE** |
| SAM BAUM, et al., | |
| Plaintiffs, | |
| v. | |
| ALAN WAXLER, et al., | |
| Defendants. | |

1

IT IS HEREBY ORDERED as follows:

1. The Court adopts the notice and consent to join form ("Notice") attached hereto as Exhibit "A" for use in this case. The only changes that shall be made to the Notice are: (1) the applicable dates shall be inserted where indicated; and (2) the name and address of the designated third-party administrator (hereinafter "Administrator"), including telephone, facsimile, and email contact information, if available, shall be inserted where indicated.

2. Administrator shall be in charge of administering the Notice, including re-mailings and processing consents to join. Plaintiffs shall bear all administrative costs associated therewith, but Administrator shall update Plaintiffs and Defendants equally on the status of the Notice.

3. Notice shall be given to all persons who currently work or who have worked for Defendants as a drivers at any time between 2003 and the date of this Order (hereinafter "Putative Class Members").

4. Within 7 days of this Order, if it has not already done so, Defendants shall provide to Plaintiff's' counsel a list in computer-readable form of the full name, current home address or last known address, and current or last-known phone number of all Putative Class Members. Plaintiffs' counsel shall treat this information as confidential and will not disclose it to third parties, except for Administrator.

5. Within 28 days of this Order, Plaintiffs shall cause Administrator to mail the Notice and a postage pre-paid return envelope (hereinafter "notice package") to Putative Class Members. At the same time, Defendants shall post a copy of the Notice (including consent to join form) in each common area where their limousine drivers are likely to congregate or take breaks, including where other employment-related notices or bulletin board material are posted. The Notice shall be so posted until the cut-off date established for returning consents to join as provided in Paragraph 10 below.

2

6. In addition, on the same date Notice is mailed and posted, Notice shall also be published in the Las Vegas Review-Journal one day a week for four consecutive weeks during the 60-day notice period, which exact days shall be determined by Plaintiffs' counsel.

7. Any Putative Class Member who wishes to opt into this lawsuit must properly complete the consent to join form and return it to Administrator postmarked on or before 60 days from the date the notice package is mailed. Conversely, any Putative Class Member whose consent to join is postmarked after the cut-off date will not be able to participate in the lawsuit. Notwithstanding the foregoing, any Putative Class Member will be deemed to have opted into this lawsuit if he or she has filed a properly-completed consent to join form with the Court by the cut-off date provided in Paragraph 11 below.

8. If any mailed notice package is returned undeliverable, Administrator shall, within 7 days thereafter, attempt to obtain an alternate or forwarding address for that addressee and mail the notice package to that alternate or forwarding address. Administrator shall keep a record of: (a) the date on which any mailed notice package is returned undeliverable; (b) the date on which the undeliverable notice package is sent to an alternate address; and (c) any updated addresses obtained.

9. Administrator shall date stamp and number each properly-completed consent to join form and accompanying envelope, if applicable. Administrator shall email status updates of the consent to join forms it receives to both Plaintiffs' and Defendants' counsel at least every two weeks during the 60-day notice period.

10. When the notice period ends, Administrator shall prepare a list of those people who timely returned consent to join forms, stating their full names, the date on which each consent to join form was received, and the postmarked date on the corresponding envelope,

if applicable.  Plaintiff's counsel shall file that list and all timely consent to join forms with the Court within 14 days of the end of the notice period.

**IT IS SO ORDERED.**

DATED: October 11, 2012.

_____
JAMES C. MAHAN
United States District Court Judge

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

Respectfully submitted & reviewed by:

By: */s/ Kyle Smith*
KYLE SMITH, ESQ.
SERGIO SALZANO, ESQ.
Lynch, Hopper, Salzano & Smith, LLP
1640 Alta Drive, Suite 11
Las Vegas, NV 89106
(702) 868-1115
*Attorneys for Plaintiffs Baum, et al.*

By: */s/ Molly Rezac*
MOLLY REZAC, ESQ.
Gordon Silver
100 W. Liberty Street, Ste. 690
Reno, Nevada 89501
*Attorneys for Alan Waxler, et al.*

By:*/s/ Jason Kuller*
MARK THIERMAN, ESQ.
JASON KULLER, ESQ.
Thierman Law Firm, P.C.
7287 Lakeside Drive
Reno, NV 89511
*Attorneys for Plaintiff Greene*

**THIERMAN LAW FIRM, PC**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

# Exhibit A

UNITED STATES DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| ROBERT GREENE, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs<br><br>v.<br><br>ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, a Nevada Limited Liability Company, Does 1-50, inclusive,<br>    Defendants.<br><br>SAM BAUM, SANDY BOUGHNER, BRAD CLARK, KEITH JACKSON, ALLAN DOUTHARD, MICHAEL KALEIKIN, JOSEPH PELLEGRINO, ZBIGNIEW OBRYCKI, JUAN IGLESIA, WALTER CLARK, IVRON MAYFIELD, GEORGE VANDE LOGT, ROBERT REED, PAUL LAUZEN, TROY SMITH, FERENC ZOMBORI, and JACQUELINE THOMPSON,<br>    Plaintiffs,<br>v.<br><br>ALAN WAXLER, et al.,<br>    Defendants. | Greene v. Alan Waxler Charter Services<br>Case No.:  2:09-CV-00748-JCM-RJJ<br><br>Consolidated with:<br>Baum, et. al. v. Alan Waxler, et. al.<br>Case No.:  2:09-CV-0914-LDG-PAL<br><br><br><br>**NOTICE OF CLASS AND<br>COLLECTIVE ACTION LAWSUIT<br>UNDER STATE AND FEDERAL LAW** |

**TO:**  All Current and Former Drivers Employed by Alan Waxler Group, Inc., Alan Waxler Group, LLC, Alan Waxler Group Charter Services, LLC, AWG Corporate Events, LLC, and Alan Waxler, personally, from 2003 to the Present.

  This Notice is being sent to inform you of your legal rights in connection with a currently pending lawsuit.  The lawsuit is a class and collective action lawsuit under Nevada state law and the federal Fair Labor Standards Act.  The United States District Court of Nevada authorized this Notice.  This is not a solicitation from a lawyer.  You are not being sued.  Please read this entire notice carefully since your legal rights are affected by whether you act or not. Your rights and options – and the deadlines to exercise them – are explained in this Notice.

**1.     PURPOSE OF THIS NOTICE.**  This Notice is given to you pursuant to a Court Order certifying a state class action under Nevada law and a federal collective action under the Fair Labor Standards Act ("FLSA").  The Court in charge of this case has not expressed any opinion as to the merit of any claim or defense raised by the parties to the lawsuit.  This Notice is to inform you about the lawsuit and your options to include yourself, exclude yourself, or file your own lawsuit.

**Here are you Legal Rights & Options:**

| Your Options | Legal Effect | Deadline |
|---|---|---|
| **Join the FLSA Class** | You will be bound by any judgment as a member of both the FLSA Class and the Nevada Class. | [DATE] |
| **Do Nothing** | You will <u>not</u> be part of the FLSA Class, but will still be part of the Nevada Class. | *N/A* |
| **Exclude Yourself** | You will not be affected by any judgment in the lawsuit. | [DATE] |
| **File Your Own Lawsuit** | You are free to hire an attorney and file any claims you may have, but you must first exclude yourself from the Nevada Class. | *Consult with your own attorney* |

**2.     DESCRIPTION OF LAWSUIT.**  On April 23, 2009, Plaintiffs Sam Baum, Sandy Boughner, Brad Clark, Keith Jackson, Allan Douthard, Michael Kaleikin, Joseph Pellegrino, Zbigniew Obrycki, Juan Iglesia, Walter Clark, Ivron Mayfield, George Vande Logt, Robert Reed, Paul Lauzen, Troy Smith, Ferenc Zombori, and Jacqueline Thompson, filed a class and collective action on behalf of themselves and all others similarly situated against Defendants Alan Waxler, Alan Waxler Group, Inc., dba AWG, Inc., Alan Waxler Group, LLC, AWG Management Company, LLC, and AWG Corporate Events, LLC (collectively "AWG Defendants").  On April 27, 2009, Plaintiff Robert Greene brought a class and collective action on behalf of himself and all others similarly situated against Alan Waxler Group Charter Services, LLC, dba AWG Charter Services. On May 29, 2009, these two actions were consolidated.

In these consolidated actions, Plaintiffs assert that the AWG Defendants have failed to pay all wages and compensation due under Nevada law and the federal FLSA. Plaintiffs' Nevada claims are categorized as a "class action" whereas Plaintiffs' federal FLSA claims are categorized as a "collective action."  On April 17, 2012, the United States District Court of Nevada certified a class action under Nevada law and a collective action under the FLSA.

Plaintiffs contends that the AWG Defendants' drivers were subject to the common practice, policy, or plan of failing to pay all wages and compensation due as follows:

- Failing to pay drivers for each and every hour worked as required by Nevada law, including driving time (without passengers), waiting time, preparation time, and other pre- and post-shift activities, including time spent refueling or washing vehicles;

- Failing to pay drivers all wages and compensation due at termination of employment (following discharge, quitting, or resignation) as required by Nevada law;

- Failing to pay drivers overtime pay (time and one-half) for all hours worked over 40 in a workweek as required under the federal FLSA; and

- Failing to pay drivers minimum wages for every hour worked as required under Nevada law and the federal FLSA.

Plaintiffs also seek liquidated damages under the FLSA in an amount equal to the alleged unpaid minimum wages and overtime (i.e., double damages). In addition, Plaintiffs seek attorneys' fees, costs, and interest.

The AWG Defendants deny Plaintiffs' claims and deny they are liable to Plaintiffs or class members for any unpaid wages or damages.

**3.     COMPOSITON OF THE CLASSES.** Plaintiffs are proceeding with this lawsuit on behalf of themselves and the following two classes of employees under Nevada and federal law:

a) **Nevada Class:** All current and former drivers employed by the AWG Defendants in the State of Nevada from 2003 to the present.

b) **FLSA Class:** All current and former drivers employed by the AWG Defendants from 2003 to the present excluding those employees over whom the Secretary of the U.S. Department of Transportation has power to establish qualifications and maximum hours of service rules pursuant to the Motor Carrier Act of 1935.

Note that you may be a member of both classes.

**4.     YOUR RIGHT TO PARTICIPATE IN THE FLSA COLLECTIVE ACTION.** If you wish to be a member of the FLSA Class, you must "opt in" in order to participate in the FLSA collective action portion of this lawsuit. If you fit the definition of the FLSA Class above, you may join Plaintiffs' collective action by completing the enclosed "Consent to Join" form and mailing it in the enclosed postage pre-paid return envelope to:

AWG Litigation Administrator
**[ADDRESS]**

<u>If your completed "Consent to Join" form is not postmarked on or before **[DATE 60 DAYS FROM MAILING]**, you will not be able to participate in the FLSA collective action.</u> Whether or not you join the collective action is entirely your decision.

If you choose to join Plaintiffs' collective action, you will be bound by the decision of the Court in this action, whether it is favorable or unfavorable. If there is a recovery, you will be entitled to share in the proceeds of such recovery. While this lawsuit is proceeding, you may be required to respond to written questions, produce documents, attend your own deposition, or appear at trial.

Plaintiffs' attorney is being paid on a contingency fee basis, which means that if there is no recovery, the attorney will not receive attorneys' fees. If the Plaintiffs prevail in this litigation, Plaintiffs' attorney will request that the Court either determine or approve the amount of attorneys' fees and costs he is entitled to receive for his services. The Court also has jurisdiction to determine the reasonableness of any settlement with the AWG Defendants.

If you sign and return the "Consent to Join" form you are agreeing to:

a) Designate the named Plaintiffs as your agents to make decisions on your behalf concerning this collective action;
b) The method and manner of conducting this collective action;
c) Enter into an agreement with Plaintiffs' counsel concerning attorneys' fees and costs; and
d) All other matters pertaining to this collective action.

**5.    LEGAL EFFECT OF DOING NOTHING.**  If you do nothing, you will not be bound by the Court's decision in Plaintiffs' collective action under the federal FLSA, but you will still be bound by a decision in Plaintiffs' class action under Nevada state law.  This means if Plaintiffs win you will not collect any money from the FLSA portion of this lawsuit, and if Plaintiffs lose, you will not lose any claims you may or may not have under the FLSA.  If you choose to do nothing, you are free to file your own lawsuit under the FLSA at your own expense.  If you wish to file your own FLSA lawsuit, you should speak to a lawyer immediately regarding the applicable limitations period for bringing any claims.

The legal effect of doing nothing is different with respect to Plaintiffs' Nevada state-law claims.  The Court has already certified a class action under Nevada law.  Therefore, if you fit the definition of the Nevada Class, then you are already participating in and represented in Plaintiffs' class action. And, if there is a recovery, you will be entitled to share in the proceeds of such recovery.  If you do not wish to participate in Plaintiffs' class action, or if you wish to hire your own attorney for these claims, you will need to exclude yourself from the class action.

**6.    YOUR RIGHT TO EXCLUDE YOURSELF.**  You do not have to participate in Plaintiffs' class action.  If you choose not to participate, you will not be affected by any judgment rendered, whether favorable or unfavorable, and you are free to file your own claims.  If you wish to file your own claims, you should speak to a lawyer immediately regarding the applicable limitations period for bringing any such claims.

To request exclusion from Plaintiffs' class action, you must inform Plaintiffs' counsel in writing at the following address:  AWG Litigation Administrator, **[ADDRESS]**.  You may use the enclosed postage pre-paid return envelope for this purpose.  Your election to be excluded must be postmarked on or before **[60 DAYS FROM MAILING]** in order to be effective and valid.  If you request exclusion, the Court will exclude you from Plaintiffs' class action, you will not be bound by any judgment, and you will not receive any money if there is a recovery.

**7.    NO RETALIATION PERMITTED.**  If you choose to join Plaintiffs' collective action or remain in Plaintiffs' class action, federal and state law prohibits the AWG Defendants from discharging you or in any other manner retaliating against you for exercising your rights to seek compensation.

**8.    YOUR IMMIGRATION STATUS DOES NOT MATTER.**  You are entitled to be paid wages in accordance with the law even if you are not otherwise legally entitled to work in the United States.  Bringing a claim for unpaid wages in this lawsuit is not a basis to be deported from the United States.

**9.     YOUR LEGAL REPRESENTATION.**  If you choose to join or remain in this lawsuit, and agree to be represented by the named Plaintiffs through their attorney, your counsel in this action will be:

| | |
|---|---|
| MARK THIERMAN, ESQ | KYLE SMITH, ESQ. |
| JASON KULLER, ESQ. | SERGIO SALZANO, ESQ. |
| Thierman Law Firm, PC | Lynch, Hopper, Salzano & Smith, LLP |
| 7287 Lakeside Drive | 1640 Alta Drive, Suite 11 |
| Reno, NV 89511 | Las Vegas, NV 89106 |
| (775) 284-1500 | (702) 868-1115 |

**10.     FURTHER INFORMATION.**  Further information about this Notice, the deadline for filing a "Consent to Join" form, or questions about this lawsuit may be obtained by contacting Plaintiffs' counsel at the address and telephone number listed above.  You are also free to consult the files for this case, which are located in the Clerk's office of the United States District Court for the District of Nevada – Las Vegas, Lloyd D. George U.S. Courthouse, 333 Las Vegas Blvd., South Las Vegas, NV 89101.  The case files are also available online at the United States District Court for the District of Nevada's website under Case No. 2:09-CV-00748-JCM-RJJ.

<u>**PLEASE DO NOT CONTACT THE JUDGE OR COURT CLERK WITH QUESTIONS ABOUT THIS LAWSUIT.**</u>

## CONSENT TO JOIN

*Greene, et al. v. AWG, et al.*

      I work or worked for Defendants Alan Waxler, Alan Waxler Group Charter Services, LLC, dba AWG Charter Services, Alan Waxler Group, Inc., dba AWG, Inc., Alan Waxler Group, LLC, or AWG Corporate Events (collectively "AWG") as a driver on or after January 1, 2003, and I consent to be a party plaintiff in a lawsuit alleging that AWG violated the Fair Labor Standards Act as described in the accompanying Notice of Class and Collective Action Lawsuit Under State and Federal Law.

      I understand that this lawsuit seeks unpaid minimum wages, overtime, and related damages that may be owed to me and other current and former limousine drivers of Bell.

      I understand I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Mark Thierman of the Thierman Law Firm and Kyle Smith of Lynch, Hopper, Salzano & Smith, and any other attorneys with whom they may choose to associate on this case.

DATED: _____, 2012

Signature: _____

Print Name: _____

Address: _____

City, State, and Zip: _____

Phone Number: _____

Email: _____

**Please sign this form and mail it in the enclosed postage pre-paid return envelope to:**

AWG Litigation Administrator
**[ADDRESS]**