# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBERT GREENE,

        Plaintiff,

v.

ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, et al.,

        Defendants.

2:09-CV-748 JCM (NJK)

**ORDER**

Presently before the court is defendants Alan Waxler Group Charter Services, LLC et al.'s objection to the magistrate's order (doc. # 121) denying defendants' motion to reopen discovery (doc. # 123).[1] Plaintiffs Robert Greene et al. responded (doc. # 127), defendants replied (doc. # 129).

**I.    Procedural background**

This is a wage and hour suit brought on behalf of limousine drivers. Following the close of discovery, defendants moved to have discovery reopened. (Doc. # 108). At the motion hearing, Magistrate Judge Koppe denied defendants' motion. (Doc. # 121). Defendants object to the magistrate's order and request permission to conduct discovery and submit dispositive motions prior to filing a joint pretrial order.

. . .

. . .

---

[1] The court notes that defendants filed an erratum to their motion. (*See* doc. # 124).

**James C. Mahan**
**U.S. District Judge**

## II.   Legal standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869, 109 S. Ct. 2237, 104 L. Ed. 2d 923 (1989).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 3:11-CV-00793-RCJ, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III.   Discussion

Defendants object to the magistrate's order for one reason: that their failure to conduct discovery amounts to excusable neglect and thus establishes good cause to reopen discovery. Defendants concede their failure to follow the rules; however, defendants contend that this deficiency was on the part of prior counsel.

Defendants' objection is a factual one. Defendants essentially disagree with the magistrate's decision to not reopen discovery and make arguments that are substantially similar to those contained in their initial motion or that could have been, but were not, raised in their initial motion.

However, the court is not "left with the definite and firm conviction that a mistake has been committed." *Ressam*, 593 F.3d at 1118. Defendants admittedly failed to follow the rules and it is within the magistrate's sound discretion whether to excuse these shortcomings. This court will "not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241 (9th Cir. 1991). Magistrate Judge Koppe's decision not to reopen discovery is an exercise of judgment that does not rise to the level of "clearly erroneous" to warrant sustaining the instant objection.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Alan Waxler Group Charter Services, LLC et al.'s objection (doc. # 123) be, and the same hereby is, OVERRULED.

DATED May 15, 2013.

_____
**UNITED STATES DISTRICT JUDGE**