UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT GREENE,

    Plaintiff,

v.

ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, et al.,

    Defendants.

2:09-CV-748 JCM (NJK)

**ORDER**

Presently before the court is defendants Alan Waxler Group Charter Services, LLC, Alan Waxler Group, LLC, Alan Waxler Group, Inc., AWG Corporate Events, LLC, and Alan Waxler's motion to amend their answer to plaintiffs' complaint. (Doc. # 145). Plaintiffs filed a response in opposition (doc. # 147), and defendants filed a reply (doc. # 148).

**I.    Discussion**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely

**James C. Mahan**
**U.S. District Judge**

given.'" *Id.* at 182. The local rules of federal practice in the District of Nevada require that a party submit a proposed, amended pleading along with a motion to amend. LR 15-1(a).

Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). If the moving party demonstrates good cause under Rule 16(b), then it must then establish that the proposed amendment is permissible under the factors germane to Rule 15. *Id.* "[T]he existence or degree of prejudice to the party opposing the modification" may supply "additional reasons to deny" a request for leave to amend, but "the focus of the inquiry is upon the moving party's reason for seeking modification. If that party was not diligent, the inquiry should end." *Id.*

Defendants seek leave of the court to file an amended answer that would include affirmative defenses under the Motor Carrier Act and taxicab exemptions under federal law, the limousine and taxi driver exemption under Nevada law, and principles of good faith. Defendants have attached their proposed, amended answer to this motion in compliance with LR 15-1(a).

A review of the record indicates that from the very beginning of this litigation, plaintiffs anticipated these very affirmative defenses being raised against them and preemptively refuted each in their initial complaint. (Doc. # 1). Additionally, many of these defenses have been discussed at length in regard to a motion for judgment on the pleadings and a motion for summary judgment. (Docs. ## 31 & 70).

Therefore, in consideration of the liberal Rule 15(a) standard, the court finds that defendants' motion to amend their answer has not been made in bad faith, will not cause undue delay or prejudice to plaintiffs, and presents cognizable legal arguments. Additionally, the court finds there is good cause to allow defendants to amend their answer.

**II.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to amend (doc. # 145) be, and the same hereby is, GRANTED.

- 2 -

IT IS FURTHER ORDERED that defendants file an amended answer identical to that attached as exhibit 1 to the motion to amend (doc. # 145, ex. 1) within fourteen (14) days of the entry of this order.

DATED February 28, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -