# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBERT GREENE,

    Plaintiff,

v.

ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, et al.,

    Defendants.

2:09-CV-748 JCM (NJK)

**ORDER**

Presently before the court is defendants' motion for the court to reconsider its order denying defendants' motion for summary judgment. (Doc. # 132). Plaintiffs filed a response in opposition (doc. # 142), and defendants filed a reply (doc. # 146).

**I.    Background**

With the instant motion, defendants request that the court reconsider the portion of the order issued December 20, 2011 denying defendants' motion for summary judgment (doc. # 94). In this order, the court stated that plaintiffs' claims that defendants failed to pay (1) minimum wage as required by Nev. Rev. Stat § 608.016 and Article 15 Section 16(B) of the Nevada Constitution, and (2) appropriate wages to discharged employees pursuant to Nev. Rev. Stat § 608.040 were viable as a matter of law.

Defendants acknowledge that the order in question was issued more than two years ago, but argue that decisions in other District of Nevada cases in the intervening time, as well as prior

**James C. Mahan**
**U.S. District Judge**

decisions by the Nevada Supreme Court demonstrate that the denial of summary judgment was in error.

## II.   Legal Standard

Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1992), *cert. denied* 508 U.S. 951 (1993). A court holds discretion to depart from the law of the case if: (a) the first decision was clearly erroneous; (b) an intervening change in the law has occurred; (c) the evidence is substantially different; (d) other changed circumstances exist; or (e) manifest injustice would otherwise result. *See United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

## III.   Analysis

Defendants cite *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96 (Nev. 2008) to support their argument that no private rights of action exist under Nev. Rev. Stat. §§ 608.016 and 608.040. In that case, the Nevada Supreme Court held that there is no private right of action to enforce Nev. Rev Stat 608.160, which prohibits crediting tips or gratuities toward into minimum wage calculations. *Baldonado*, 194 P.3d at 107.

While *Baldonado* also discussed whether a plaintiff could sue under Nev. Rev. Stat §§ 608.100 and 613.120, *id.*, the Nevada Supreme Court later clarified that the holding in *Baldonado* related only to the question as to whether § 608.160 contained a private right of action, and its reasoning did not necessarily apply to any other part of the statutory scheme. *See Csomos v. Venetian Casino Resort, LLC*, 55203, 2011 WL 4378744 *2 (Nev. 2011).

Additionally, defendants cite this court's decision in *Dannenbring v. Wynn Las Vegas, LLC* for the proposition that Nev. Rev. Stat. sections 608.016, 608.019, 608.020, and 608.040 cannot be asserted as private rights of action. 907 F. Supp. 2d 1214, 1219 (D. Nev. 2013). Indeed, in *Dannenbring*, the court directly held that there were no private rights of action associated with these sections. However, in that decision the court cited eight separate cases, each addressing whether

**James C. Mahan**
**U.S. District Judge**

- 2 -

these and similarly constructed provisions of the statutory scheme create private rights of action, and noted that the law on this question is clearly in flux.[1]

From the numerous cases disagreeing as to whether these provisions of the statutory scheme can be raised in a private right of action, it is evident that the question remains unsettled. The decision in *Baldonado* presents no clarity on this issue, given the Nevada Supreme Court's subsequent caveat indicating that the holding in that case exclusively applies to Nev. Rev Stat § 608.160. *Csomos*, 2011 WL 4378744 *2. Furthermore, defendants' application of *Dannenbring* is unpersuasive, as that case acknowledges that it is simply one additional holding on a heap of competing interpretations regarding whether private rights of action exist under these provisions.

Accordingly, defendants have not demonstrated that the court committed clear error in holding that plaintiffs' claims under Nev. Rev. Stat § 608.016 and 608.040 are viable as a matter of law. Furthermore, even though it did not explicitly state so in its prior order, the court finds that plaintiffs have sufficiently raised a cause of action under Nev. Rev. Stat § 608.100.

Defendants also argue that the court erred in holding that plaintiffs stated a sufficient claim under Article 15 Section 16(B) of the Nevada Constitution. However, defendants fail to cite any new authority or present any arguments that were not considered prior to the issuance of the underlying order. A motion for reconsideration is not a vehicle to badger the court with arguments that have already been addressed in the hopes that it will reach a different result. As such, defendants fail to show that there was clear error in the court's finding that plaintiffs sufficiently state a claim under Article 15 Section 16(B) of the Nevada Constitution.

. . .

. . .

. . .

---

[1] *Descutner v. Newmont USA Ltd.*, 2012 WL 5387703 (D. Nev. 2012); *Buenaventura v. Champion Drywall, Inc.*, 803 F.Supp. 2d 1215 (D. Nev. 2011); *Phelps v. MC Communications, Inc.*, 2011 WL 3298414 (D. Nev. 2011); *Busk v. Integrity Staffing Solutions, Inc.*, 2011 WL 2971265 (D. Nev. 2011); *Lucatelli v. Texas De Brazil (Las Vegas) Corp.*, 2012 WL 1681394 (D. Nev. 2012); *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96 (Nev. 2008); *Lucas v. Bell Trans*, 2009 WL 2424557 (D. Nev. 2009); *Csomos v. the Venetian Casino Resort*, 2010 WL 1837242 (Nev. Dist. Ct. 2010).

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for reconsideration (doc. # 132) be, and the same hereby is, DENIED.

DATED March 3, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -