**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT A. GREENE, et al.,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>ALAN WAXLER GROUP CHARTER SERVICES, LLC, et al.,<br><br>　　　　　Defendant(s). | Case No. 2:09-cv-00748-JCM-NJK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS<br><br>ORDER DENYING AS MOOT MOTION TO STRIKE SUPPLEMENTAL BRIEF<br><br>(Docket No. 149, 170) |

Pending before the Court is Defendants' motion for sanctions pursuant to Rule 37(c). Docket No. 149.[1] Plaintiffs filed a response and Defendants filed a reply. Docket Nos. 156, 157. The motion came on for hearing on February 28, 2014. *See* Docket No. 164. The Court also received supplemental briefing from parties. Docket Nos. 168, 169. For the reasons discussed more fully below, the Court hereby **GRANTS** the motion for sanctions in part and **DENIES** it in part.

**I.　　BACKGROUND**

This is a wage and hour lawsuit brought on behalf of limousine drivers, filed in April 2009. Although an exact date is not clear from the record, initial disclosures appear to have been due in early 2010.[2] The Court subsequently extended the discovery cutoff on two occasions, but discovery closed

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Unless there is a Court order or stipulation to the contrary, initial disclosures must be exchanged within 14 days of the parties' Rule 26(f) conference. *See* Rule 26(a)(1)(C). The record does not clearly indicate when that Rule 26(f) conference occurred, but the parties submitted a discovery plan on March 11, 2010. *See* Docket No. 39. Accordingly, it appears that the initial disclosures were due in March 2010. Defendants assert that the scheduling order provided an initial disclosure deadline of December 27, 2010, *see* Docket No. 149 at 3, but that was the deadline set in the scheduling order for

on June 30, 2011. *See* Docket No. 69. Significantly after the close of discovery, on August 16, 2012, Defendants filed a motion to re-open discovery. Docket No. 108. That motion argued that, *inter alia*, neither side had conducted meaningful discovery. *See, e.g.*, *id.* at 2-3. The undersigned held a hearing on that motion, and denied it. Docket No. 121.³ Defendants objected to that order, Docket No. 123, and Judge Mahan overruled the objections, Docket No. 131.

On October 25, 2013, Defendants filed the pending motion for sanctions seeking, *inter alia*, case-dispositive sanctions against Plaintiffs for failing to provide initial disclosures. *See* Docket No. 149. The case is now set for trial for June 16, 2014. *See* Docket No. 161.

**II.    STANDARDS**

Rule 26(a)(1)(A) provides that parties must provide initial disclosures to the opposing parties without awaiting a discovery request. The disclosures must include: (i) the name of each individual likely to have discoverable information that the disclosing party may use to support its claims and defenses; (ii) a copy of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses; and (iii) a computation of each category of damages claimed by the disclosing party. *See* Rule 26(a)(1). In the event that a party learns that its disclosures are incomplete or inaccurate, it has a duty to supplement them "in a timely manner." *See* Rule 26(e).

When a party fails to meet its initial disclosure obligations, the Court turns to Rule 37(c) to determine whether sanctions are appropriate. Rule 37(c)(1) provides that a non-compliant party is "not allowed to use the information . . . at trial, unless the failure was substantially justified or harmless." The party facing the sanction has the burden of showing substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). Even where non-disclosure was neither harmless nor justified, however, the Court is not required in all instances to

---

the disclosure of expert witnesses, *see* Docket No. 51 at 2 ("Disclosures specified in Fed. R. Civ. P. **26(a)(2)** shall be made on or before December 27, 2010" (emphasis added)). That scheduling order does not mention the initial disclosures required by Rule 26(a)(1). At any rate, it is clear that the initial disclosure deadline passed several years ago.

³ The parties were ordered to submit a proposed pretrial order. *See* Docket No. 121.

2

exclude evidence as a sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). Rule 37(c)(1) also enumerates a number of other potential sanctions, including payment of reasonable expenses incurred, an order that the movant may inform the jury of the opposing party's failure, and any other "appropriate" sanction, including those listed in Rule 37(b)(2)(A)(i)-(vi).

The court has wide discretion in determining the appropriate sanction. *See Yeti*, 259 F.3d at 1106. In determining the appropriate sanction, the Court looks to five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Moreover, where evidence exclusion "amount[s] to dismissal of a claim, the district court [is] required to consider whether the noncompliance involved willfulness, fault, or bad faith." *R&R Sails, Inc. v. Insurance Co. Of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

**III.    ANALYSIS**

With the applicable standards in mind, the Court turns to its analysis.[4] Although Defendants assert that several categories of initial disclosures were not provided, *see* Docket No. 149 at 2 (asserting non-disclosure of witnesses and documents in Plaintiffs' possession, as well as a computation of damages), their arguments focus on the failure to provide a damages calculation. Accordingly, the Court similarly focuses its analysis on the damages calculation.[5]

---

[4] The Court notes at the outset that it ordered supplemental briefing on whether the pending motion is timely. *See* Docket No. 164. Plaintiffs' supplemental brief failed to provide meaningful argument that the motion was untimely. Accordingly, the Court assumes without deciding that the motion was timely filed.

The Court also ordered supplemental briefing on whether sanctions should not be imposed because Defendants also failed to provide initial disclosures. *See id.* Plaintiffs provided no legal authority in support of that argument in their initial response, *see, e.g.*, Docket No. 156 at 5, and appear to have abandoned that position in their supplemental brief, *see* Docket No. 169 at 17 (citing Rule 26(a)(1)(E) for the propositions that "one parties [sic] failure to provide initial disclosures does not excuse another party's failure").

[5] Plaintiffs argue that the motion for sanctions should be denied because Defendants did not engage in a meet and confer prior to its filing. *See, e.g.*, Docket No. 156 at 13-14. A meet and confer is not required for a sanctions motion brought pursuant to Rule 37(c). *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *see also Daniels v. Jenson*, 2013 WL 1332248, *1 n.2 (D. Nev. Mar. 11,

A. <u>Plaintiffs Failed to Timely Provide Initial Disclosures</u>

Plaintiffs have conceded that they did not timely provide the initial disclosures. *See* Hearing Tr. 2/28/14 at 20:6-8 ("The Court: Well, you didn't do initial disclosures though. Mr. Smith: No, we didn't."); *see also* Docket No. 156 at 5. Nonetheless, in their supplemental brief, Plaintiffs assert that "Drivers did provide a Damage Calculation to AWG based upon the available wage records in January 2012." Docket No. 169 at 13 (emphasis omitted). The cited correspondence, however, is a "Confidential Settlement Discussion[]" in which Plaintiffs' counsel provided Defendants "with a settlement range based on how [he] value[d] the case to begin [] settlement discussions." *See* Docket No. 169-9. The Court finds this email does not show compliance with the initial disclosure obligations. First, it was provided more than six months after the discovery cut-off had already expired. *See, e.g.*, *Jackson*, 278 F.R.D. at 593 (a party has "a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period"); *see also Dayton Valley Investors, LLC v. Union Pac. R.R.*, 2010 U.S. Dist. Lexis 108232, *6-7 (D. Nev. Sept. 24, 2010) (finding party failed to comply with initial disclosure obligations notwithstanding disclosures made after the discovery cut-off). Second, Plaintiffs fail to explain how Defendants could rely on confidential settlement discussions to prepare their defenses in the same or similar manner as an initial disclosure providing a damages calculation. *Cf.* Fed. R. Evid. 408 (settlement discussions are not admissible evidence); *see also* Hearing Tr. 2/28/14 at 22:17-21 (Plaintiffs' counsel acknowledging that numbers exchanged in settlement discussions are not always based on actual damage figures). In short, Plaintiffs failed to comply with their initial disclosure obligations.

B. <u>Plaintiffs Have Not Shown Substantial Justification or Harmlessness</u>

Plaintiffs have failed to show that their failure to provide the computation of damages was substantially justified or harmless. Plaintiffs' primary argument is that the Court already adjudicated the pending dispute when it denied Defendants' motion to reopen discovery. *See, e.g.*, Docket No. 156 at 4-8. Plaintiffs assert that they were merely complying with the Court's order by not providing initial

---

2013); *Allstate Ins. Co. v. Nassiri*, 2010 WL 5248111, *3 (D. Nev. Dec. 16, 2010); *Dayton Valley Investors, LLC v. Union Pacific R. Co.*, 2010 WL 3829219, *2 (D. Nev. Sept. 24, 2010).

disclosures: "[in ruling on the motion to re-open discovery,] [t]he Court . . . refused the proposals by both parties and instead ordered the parties to submit a joint pretrial order. Drivers should therefore not be sanctioned for following the Court's order when even [Defendant] acknowledges that initial disclosures could not be produced outside the initial discovery period after this Court's order." Docket No. 169 at 19-20. Plaintiffs are mistaken that the possibility of sanctions for their non-compliance with their initial disclosure obligations was obviated by the Court's ruling that discovery should not be re-opened. Nowhere in the Court's ruling on that motion did it address whether discovery sanctions might be appropriate in this case. Moreover and importantly, initial disclosures were due in this case in 2010, more than two years prior to the Court's ruling denying the motion to reopen discovery. *See* Docket No. 121 (denying motion to reopen discovery on February 12, 2013). The Court fails to discern how its ruling in 2013 excuses discovery shortcomings from previous years.

C. Sanction

Defendants' brief notes the numerous sanctions that may be imposed for failing to comply with initial disclosure requirements, *see* Docket No. 149 at 5, but they focus on two sanctions: (1) outright dismissal and (2) exclusion of any damages evidence. As to the latter, Defendants concede that the exclusion sanction is tantamount to dismissal in this case. *See* Docket No. 149 at 10 ("While the court could exclude all evidence related to damages, such a sanction would effectively be a dismissal of the case"). Accordingly, the Court must consider whether the failure to provide the initial disclosure was the result of bad faith, fault, or willfulness. *See R&R Sails, Inc.*, 673 F.3d at 1247. The Court finds that it was not. Moreover, the Court finds that the fourth and fifth factors for consideration weigh against either of these sanctions as: (1) there is a risk of creating a situation where the Court's ultimate judgment rests on the technicalities of Rule 26, and (2) there are less drastic sanctions available.[6] In short, dismissal or exclusion of damages evidence is not warranted in this case.

---

[6] As noted above, the Court analyzes five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt*, 125 F.3d at 814.

Instead, based on the overall circumstances of this case, the Court finds that the appropriate sanction is that Defendants "may inform the jury of [Plaintiffs'] failure" to comply with their initial disclosure obligations. *See* Rule 37(c)(1)(B). In addition, Plaintiffs' failure to comply with the disclosure requirements of Rule 26(a) necessitated the pending motion. As a result, the Court grants Defendants' request for attorney's fees. *See* Rule 37(c)(1)(A) (the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure"). Defendants shall submit their materials evidencing the fees incurred by March 25, 2014.[7] Plaintiffs may file a response thereto no later than April 1, 2014.

### IV.   MOTION TO STRIKE SUPPLEMENTAL BRIEF

Also before the Court is Defendants' motion to strike Plaintiffs' supplemental brief for providing argument beyond what the Court allowed. Docket No. 170. The Court does not rely on any of the arguments presented in Plaintiffs' supplemental brief in reaching its conclusion herein, so the motion to strike is hereby **DENIED** as moot.

### V.   CONCLUSION

For the reasons discussed more fully above, the motion for sanctions (Docket No. 149) is hereby **GRANTED** in part and **DENIED** in part. Defendants "may inform the jury of [Plaintiffs'] failure" to comply with their initial disclosure obligations, and may recover reasonable attorney's fees. In all other respects, the motion is denied.

The motion to strike (Docket No. 170) is hereby **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: March 18, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[7] The parties are invited to confer among themselves to determine a proper amount of reasonable fees without Court intervention, of course. In the event they agree to an amount of attorney's fees, they shall promptly file a notice with the Court so indicating.