1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ROBERT GREENE, et al., | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:09-cv-0748-JCM-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ALAN WAXLER GROUP CHARTER | ) | |
| SERVICES, LLC, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

On March 18, 2014, the Court determined that Defendants could recover reasonable expenses arising out of their motion for sanctions. *See* Docket No. 171 at 6. Defendants filed a statement of their fees and costs, along with supporting documentation. Docket No. 172. Plaintiffs filed a response. Docket No. 176. The Court finds the matter appropriately decided without oral argument. *See* Local Rule 78-2. For the reasons stated below, the Court hereby **AWARDS** Defendants $14,450 in attorneys' fees and $1,766 in costs.

I. **ATTORNEY'S FEES**

The Court has already ruled that Defendants are entitled to an award of attorneys' fees pursuant to Rule 37(c)(1)(A),[1] which provides for the payment of reasonable expenses, including attorneys' fees, caused by the failure to comply with Rule 26(a)'s disclosure requirements. Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial,*

---

[1] Unless otherwise noted, all references to "Rules" refer to the Federal Rules of Civil Procedure.

*Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar figure is presumptively reasonable.  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[2]

### A.   ANALYSIS

Defendants seek an award of $34,542.50 in attorneys' fees, representing more than 100 hours expended on the briefing and hearing on their motion for discovery sanctions, as well as for the preparation of their materials supporting their fee award.  *See* Docket No. 172 at 2.  Plaintiffs balk at the fee request, arguing that it is significantly inflated.  *See, e.g.*, Docket No. 176 at 5.[3]

### 1.   Reasonableness of Hours Expended

The first aspect of the lodestar equation is a determination of the number of hours reasonably expended.  The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]."  *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).  In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary.  *See, e.g.*, *Hensley*, 461 U.S. at 434; *see also Cruz v. Alhambra School Dist.*, 601

---

[2] The Court may adjust the lodestar based on a number of additional factors not subsumed in the initial calculation.  *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  Notwithstanding those factors, the Court finds the lodestar amount to be reasonable.

[3] Plaintiffs also argue that the Court should deny attorneys' fees altogether because Defendants themselves failed to provide initial disclosures and Defendants should have sought to remedy any failure to obtain initial disclosures through a timely motion to compel.  *See* Docket No. 176 at 2-3, 6-8.  The time for raising these arguments has now passed.  At the hearing on the motion for sanctions, the Court addressed both the timeliness of the motion for sanctions and whether Defendants' own discovery shortcomings were relevant to a determination of sanctions against Plaintiffs.  Because Plaintiffs failed to sufficiently develop those arguments in their initial briefing of Defendants' motion for sanctions, the Court allowed the opportunity for supplemental briefing.  *See, e.g.*, Docket No. 164.  Despite that invitation, Plaintiffs' supplemental brief failed to provide any meaningful argument regarding the timeliness of Defendants' sanctions motion and appeared to abandon their position that Defendants' own discovery shortcomings were relevant.  *See, e.g.*, Docket No. 171 at 3 n.4 (order granting in part motion for sanctions).

F. Supp. 2d 1183, 1191 (C.D. Cal. 2009) ("the Court must eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently" spent).

The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978.  To that end, in determining the reasonableness of hours spent in relation to a motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013).  Having reviewed these factors, the Court agrees with Plaintiffs that the hours claimed are not reasonable.

As an initial matter, it appears clear that Defendants' counsel over-staffed this matter by having work performed by two partners and three associates.  Billed time that includes unnecessary duplication of effort should be excluded from the lodestar. *Herrington v. County of Sonoma*, 883 F.2d 739, 747 (9th Cir. 1989).  "[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) (internal citations omitted).  Of course, some duplication of effort is necessary in any case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  In reviewing the billing, however, it is clear that having two partners and three associates working on a relatively straightforward discovery sanction motion created unnecessary duplication of efforts.  For example, Defendants employed one associate to work on the original motion, another associate to work on the reply brief, and a third associate to work on the supplemental brief. *See* Docket No. 172, Exh. 3.  Similarly, one partner worked on the motion and reply, while a different partner prepared for and presented oral argument. *Id.* "While attorneys and their clients are free to staff matters as they see fit, they are not entitled to recover fees as a sanction for hours that are deemed to be excessive" because of their staffing decisions. *Aevoe Corp. v. AE Tech. Co., Ltd.*, 2013 WL 5324787, *5 (D. Nev. Sept. 20, 2013); *see also Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*, 2012 WL 2244262, *10 (D. Nev. June 15, 2012) ("The court has no doubt that this amount of time was actually spent [by multiple attorneys].  However, while the law firm and its clients may agree to multiple attorneys working on a case, the court will not impose

1   sanctions . . . for the entire amount.").[4]

2   Moreover, in reviewing the hours claimed, they are clearly unreasonable.   For example,

3   Defendants assert that their counsel spent 11 hours preparing a motion to strike Plaintiffs' supplemental

4   brief. *See, e.g.*, Docket No. 172 at 2. That motion to strike contained roughly 3 pages of argument. *See*

5   Docket No. 170 at 2-5.  Motions to strike unauthorized briefs are routine and often consist of a few lines

6   of argument indicating that: (1) the brief was not authorized by Court order or the Local Rules; (2) the

7   proper remedy is to strike the unauthorized brief; and, (3) in the alternative, the movant wishes an

8   opportunity to respond in the event the brief is not stricken.[5]  The Court finds that a reasonable amount

9   of time preparing that motion in this case, including reviewing Plaintiffs' supplemental brief, is one

10   hour.

11   The other time claimed is also excessive.  In particular, the Court finds the following to be the

12   reasonable hours expended:

13   •   Six hours for Ms. Krincek and 12 hours for Ms. Gilmore to conduct legal research,
14       review the case file, and draft the motion.

15   •   Three hours for Ms. Krincek and six hours for Ms. Gilmore to conduct legal research,
16       review the case file, and draft the reply.

17   •   Three hours for Mr. Roskelley to prepare for and attend the hearing of February 28, 2014.

18   •   Four hours for Ms. Krincek and eight hours for Ms. Gilmore to conduct legal research,
19       review the case file, and draft the supplemental brief.

20   •   One hour for Ms. Krincek to prepare the motion to strike Plaintiffs' supplemental brief.

21   •   Two hours for Ms. Krincek to prepare the statement of fees and costs, and confer with

22   _____

23   [4] Because of the duplication of effort evidenced, the Court will base its reasonable hours
24   determination for the associate time based on Ms. Gilmore's experience, as she had the intermediate hourly
     rate of the three associates who worked on this matter.

25   
26   [5] The Court notes that only a cursory review of Plaintiffs' supplemental brief was required to
     understand the basis for a motion to strike it.  Indeed, of the 11 hours claimed, less than .75 hours of that
27   time relates in any way to reviewing Plaintiffs' brief. *See* Docket No. 172, Exh. 3 (entries for March 11
     through March 13, only one of which mentions reviewing Plaintiffs' supplemental brief and only as one of
28   two tasks for the .75 hours claimed).

1    opposing counsel.

2    Accordingly, the Court finds the reasonable hours spent are three hours for Mr. Roskelly, 16 hours for

3    Ms. Kincek, and 26 hours for Ms. Gilmore or an associate of her experience.

4                    **2.    Reasonableness of Hourly Rates**

5         The next step in calculating the lodestar is to determine the attorney rates "calculated according

6    to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 &

7    n.11 (1984).  Defendants seek 2013 hourly rates of $395 for Ms. Krincek and $255 for Ms. Gilmore.

8    Defendants seek 2014 hourly rates of $450 for Mr. Roskelly, $405 for Ms. Krincek, and $265 for Ms.

9    Gilmore.[6]  Defendants support these rates with the declaration of Ms. Krincek, as well as biographies.

10   *See* Docket No. 172, Exhs. 1, 4.  Moreover, the Court finds that these rates are in line with the prevailing

11   market rate in the community for similar services by comparable lawyers.  *See, e.g.*, *CLM Partners LLC*

12   *v. Fiesta Palms, LLC*, 2013 U.S. Dist. Lexis 171631, *16 (D. Nev. Dec. 5, 2013) (collecting cases).

13                    **3.    Lodestar Calculation**

14        The Court finds that the lodestar calculation as it relates to the motion for sanctions should be

15   as follows:

16        Ms. Krincek 2013:     9 hours x $395 = $3,555

17        Ms. Gilmore 2013:    18 hours x $255 = $4,590

18        Mr. Roskelly 2014:    3 hours x $450 = $1,350

19        Ms. Krincek 2014:     7 hours x $405 = $2,835

20        Ms. Gilmore 2014:     8 hours x $265 = $2,120

21                    Total: $14,450

22   **II    COSTS**

23        Defendants also seek to recover costs in the amount of $1,766 incurred in conducting legal

24   research.  Docket No. 172 at 3.  Costs incurred in conducting legal research can be recoverable as a

25   "reasonable expense" under Rule 37.  *See, e.g.*, *Aevoe*, 2013 WL 5324787, *9 (finding legal research

26   _____

27        [6] Defendants did not submit 2014 rates for Ms. Gilmore.  In light of the increases to the other rates
     provided, the Court estimates that the hourly rates for Ms. Gilmore and similarly experienced attorneys
28   increased by approximately $10.

                                     5

costs recoverable as a "reasonable expense" under Rule 37(a)(5)(C)).  Plaintiffs argue that, *inter alia*, the legal research costs may not have been actually "incurred" because Defendants' counsel's law firm most likely has a set legal research plan and did not "go outside its plan" for any legal research conducted in relation to the pending motion.  Docket No. 176 at 6.  Contrary to Plaintiffs' speculation, Defendants submitted a declaration attesting that their counsel "*incurred* online research costs of $1,766 in conducting on-line research directly related to Defendants' Motion for Sanctions."  Docket No. 172 at 3 (emphasis added).  The Court takes Defendants' counsel at her word that these costs were actually incurred.  Moreover, the Court finds the costs incurred to be reasonable.  Accordingly, the Court awards $1,766 in costs for legal research.

**III.    CONCLUSION**

For the reasons discussed more fully above, the Court hereby **AWARDS** Defendants $14,450 in attorneys' fees and $1,766 in costs, to be paid no later than May 5, 2014.

IT IS SO ORDERED.

DATED:   April 4, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

6