RICK D. ROSKELLEY, ESQ., Bar # 3192
WENDY MEDURA KRINCEK, ESQ., Bar # 6417
MARCUS B. SMITH, ESQ., Bar # 12098
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:   702.862.8800
Fax No.:       702.862.8811

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT GREENE, on behalf of himself and all other similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>ALAN WAXLER GROUP CHARTER SERVICES, LLC d/b/a AWG CHARTER SERVICES, a Nevada Limited Liability Company, Does 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:09-cv-000748-JCM-NJK consolidated with: 2:09-cv-0914-LDG-PAL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DECERTIFY AS A REPRESENTATIVE CLASS AND COLLECTIVE ACTION** |
| SAM BAUM, et al.,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>ALAN WAXLER, et al.,<br><br>　　　　　　Defendants. | Case No. 2:09-cv-00914-LDG-PAL |

　　　　Defendants Alan Waxler Group Charter Services, LLC, Alan Waxler Group, LLC, Alan Waxler Group, Inc., AWG Corporate Events, LLC, and Alan Waxler (referred to collectively as "AWG" or "Defendants"), by and through their attorneys, Littler Mendelson, P.C., hereby submit this Reply in Support of its Motion to Decertify as a Representative Class and Collective Action.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

This Reply is made and based upon the following Memorandum of Points and Authorities, any exhibits and/or declarations attached hereto, the pleadings and documents on file, and oral argument permitted by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs "Opposition" is pure wishful thinking. It is nothing more than a request that the Court not review AWG's Motion on its merits, coupled with a very cursory discussion of the merits. It begins with a highly conclusory argument regarding the extraordinary remedy of judicial estoppel followed by a plea that "[t]he Court . . . stop reading" the Opposition and deny AWG's Motion to Decertify. However, Plaintiffs plea should be disregarded for many reasons, the most salient of which is that their conclusory argument fails to address multiple factors courts consider in deciding whether to apply judicial estoppel; and these factors weigh heavily against the application of this doctrine.

Plaintiffs then make a longwinded argument that the Motion should be denied because there have not been "subsequent developments in the litigation" since the original certification order. This argument is a red herring. For starters, there *have* been subsequent developments in this case and, curiously, Plaintiffs mention none of them. More importantly, this argument totally misses the mark. The Court's paramount concern at this point in the litigation is to assure that the classes previously certified remain, "in fact," in compliance with Rule 23. As stated by the Supreme Court in the *Falcon* case, "**actual, not presumed, conformance with Rule 23(a) remains . . . indispensable**," and, for that reason, Courts remain free to decertify until final judgment is entered. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

Plaintiffs then argue that *Dukes* is distinguishable from this case. This argument is totally irrelevant. Class action litigants do not cite *Dukes* to compare and contrast its facts. *Dukes* is cited because it is the seminal case setting forth the standard for determining whether Rule 23's "commonality" requirement is satisfied. Accordingly, the Court should simply disregard this argument. Next, after mischaracterizing AWG's damages argument,

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

2.

Plaintiffs proceed to argue that AWG's damages argument (or Plaintiffs' version of it) has been rejected by the Ninth Circuit, which held that decertification cannot be based on damages calculations, *alone*. This straw man argument is meritless for multiple reasons. First, AWG never argued that Plaintiffs' inability to prove class damages was *by itself* a sufficient reason to decertify. Rather, AWG argued that Plaintiffs' inability to prove class damages is one of several reasons to decertify the classes. Second, the Ninth Circuit case cited by Plaintiffs is distinguishable because it analyzes Rule 23(b)'s requirements, not Rule 23(a)'s "commonality" requirement. Accordingly, this is yet another irrelevant argument advanced in Plaintiffs "Opposition."

Finally, Plaintiffs fail to oppose several key arguments raised in AWG's Motion. They do not deny, for example, that only one individual has actually filed a Consent to Sue form with the Court, thereby conceding the fact that the FLSA's statute of limitations continues to run until the forms are properly filed with the Court. Moreover, they do not oppose AWG's argument that the Court should prune the class period back to 2007, if it is maintained at all, thereby conceding this argument in the event the Court does not decertify the classes (which it should). Finally, Plaintiffs do not oppose the arguments raised in AWG's Motion regarding the variety of dissimilarities among Plaintiffs and the lack of evidence regarding the class. Therefore, in sum, Plaintiffs' "Opposition" provides little resistance to AWG's Motion and, as such, the Motion should be granted and the classes decertified.

## II. LEGAL ARGUMENT

### A. The Extraordinary Remedy Of Judicial Estoppel Is Not Applicable

Plaintiffs' request that the Court apply the doctrine of judicial estoppel and deny AWG's Motion to Decertify because AWG moved to consolidate the Baum and Greene matters is nonsensical and should be denied. Judicial estoppel is an "extraordinary remedy," that the Ninth Circuit has referred to as "strong medicine,".[1] *Ryan Operations*

---

[1] Judicial estoppel has also been referred to as an "extreme" and "draconian" sanction, *Klein v. Stahl GMBH &Co. Maschinefabrik*, 185 F.3d 98, 111 (3d Cir. 1999), and an "obscure doctrine," *see e.g.*, *U.S. v.*

3.

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

*G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 365 (3d Cir. 1996) and *Ah Quin v. County of Kauai Dept. of Transp.*, 733 F.3d 267, 277 (9th Cir. 2013) (quoting *Ryan*, 81 F.3d at 364). It "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). "It is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims, especially when the alleged inconsistency is insignificant at best and there is no evidence of intent to manipulate or mislead the courts." *Ryan*, 81 F.3d at 365; *Johnson v. State, Oregon Dept. of Human Resources, Rehabilitation Div.*, 141 F.3d 1361, 1369 (9th Cir. 1998) (judicial estoppel applicable "when a party's position is 'tantamount to a knowing misrepresentation to or even fraud on the court'") (quoting *Ryan*, 81 F.3d at 362-63); *Lujan v. Pac. Mar. Ass'n*, 165 F.3d 738, 743 (9th Cir. 1999) (judicial estoppel not applicable because there was no evidence of a knowing misrepresentation to or fraud on the court); *Fredenburg v. Contra Costa Cnty. Dep't of Health Servs.*, 172 F.3d 1176, 1179 (9th Cir. 1999) (same).

The Supreme Court has identified three factors courts may consider in determining whether judicial estoppel applies:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (citations omitted). In addition, as stated above, the Ninth Circuit has held that "chicanery or knowing misrepresentation by the party to be estopped is a factor to be considered in the judicial estoppel analysis . . . ." *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 995 (9th Cir. 2012).

---

*Shea*, 150 F.3d 44, 52 (1st Cir. 1998); *Nichols v. Scott*, 69 F.3d 1255, 1272-74 (5th Cir. 1995), that is "'not so much a single doctrine as a set of doctrines that have not matured into a fully coherent theory,'" *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 993 (9th Cir. 2012) (quoting 18B Wright & Miller, *Fed. Prac. & Proc. Juris.* § 4477 (2d ed. 2012)).

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

4.

The Ninth Circuit also considers whether there is evidence of bad faith on the part of the party to be estopped. *Johnson v. State, Oregon Dept. of Human Resources, Rehabilitation Div.*, 141 F.3d 1361, 1370 (9th Cir. 1998) (the court was "unable to find any evidence in the record suggesting that [the party in question] acted in bad faith or was playing fast and loose with the courts"); *see also Ryan*, 185 F.3d at 360; *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007) ("Without bad faith, there can be no judicial estoppel"); *Klein v. Stahl GmBH & Co. Maschinefabrik*, 185 F.3d 98, 109-111 (3d Cir. 1999) (the "extreme sanction" of judicial estoppel not applicable because there was no evidence of bad faith beyond the inconsistent statements).

### 1. AWG Did Not Take Clearly Inconsistent Positions

Judicial estoppel "is not intended to eliminate all inconsistencies, however slight or inadvertent . . . ." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 365 (3d Cir. 1996). Indeed, "modern procedure welcomes inconsistent positions in the course of a single litigation." Wright, Miller &Cooper, Federal Practice and Procedure: Jurisdiction 2d §4477. However, in some situations, *clearly* inconsistent positions may weigh in favor of applying the extraordinary remedy of judicial estoppel. *New Hampshire*, 532 U.S. at 750 (emphasis added); *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996) ("having obtained a favorable settlement [in her workers' compensation case] based on her assertion that she could not work, plaintiff was estopped from claiming that she was performing her job adequately [for her age discrimination case]"); *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.1990) (judicial estoppel applied because the party in question argued that a federal case should be dismissed because of an adequate state law grounds and then, after the federal case was dismissed and a state case commenced, the same party argued there was no available state law grounds). This is not one of those situations.

Plaintiffs argue AWG took inconsistent positions in its Motion to Consolidate (Doc. No. 7) where it sought to consolidate two separate lawsuits and Motion to Decertify (Doc. No. 174) where it is seeking to decertify the class certified in the consolidated case. This argument is meritless. First, Plaintiffs fundamentally misapprehend AWG's Motion to

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

5.

Consolidate. AWG argued that the *Greene* and *Baum* lawsuit presented common questions of law and fact and should, therefore, be consolidated. In the Motion to Decertify, AWG argues, in part, that the individualized circumstances pertinent to each driver/class member warrant decertification of the class in the consolidated matter. The exact same arguments and legal issues are advanced by AWG for both the *Greene* and *Baum* matters. AWG is not arguing that the Greene and Baum matters should no longer be consolidated because common issues of law and fact do not predominate – which is the only position that would be inconsistent with that taken by AWG in its Motion to Consolidate.

Second, AWG's Motions are not clearly inconsistent. For example, the fact that "discovery in each case will require the production of the same information and documents," (Doc. No. 7, 5:26-27), does not necessarily mean the information and documents would turn out to demonstrate that Plaintiffs share common contentions or are similarly situated (Doc. No. 174, pp. 10-19). The fact that the "witnesses in each case will be the same," (Doc. No. 7, 5:28), does not mean the witnesses' testimony would turn out to demonstrate that class members share common contentions or are similarly situated (Doc. No. 174, pp. 10-14). The fact that "[t]he legal analysis . . . will be the same," (Doc. No. 7, 5:28-6:3), does not necessarily mean that analysis (*i.e.*, whether AWG violated the FLSA) would generate common answers for each Plaintiff. In sum, therefore, and as stated above, the Motions raised by Plaintiffs address entirely different issues in entirely different contexts, and AWG never argued in its Motion to Consolidate that Plaintiffs' claims "depend upon a common contention" that is "capable of classwide resolution," *Dukes*, 131 S. Ct. 2541, 2552, 2553 (2011), or that Plaintiffs are *in fact* similarly situated, 29 U.S.C. § 216(b); *Smith*, 2007 U.S. Dist. LEXIS 60729, at *12. Accordingly, AWG's Motions are not inconsistent. Plaintiffs' apparent belief that when AWG argued that the *Greene* and *Baum* lawsuits present common issues of fact and law it was the same as arguing that all putative class members are similarly situated makes no sense and their request for application of the doctrine of judicial estoppel should be denied.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

### 2. AWG Did Not Derive Any Unfair Advantage Or Impose Any Unfair Detriment On Plaintiffs

"A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750. Plaintiffs did not address this factor – or any additional factors for that matter – in their Opposition. (*See* Doc. No. 188, pp. 1-2). AWG did not gain an unfair advantage with its Motion to Consolidate, and Plaintiffs surely suffered no detriment. For starters, Plaintiffs did not even oppose the Motion to Consolidate and did not challenge the Court's granting of said Motion. In reality, Plaintiffs were most likely satisfied with (or at least neutral to) the Motion to Consolidate because it created efficiency and convenience in the litigation. Accordingly, this factor also weighs against the application of judicial estoppel to AWG's Motion to Decertify.

### 3. Plaintiffs Proffer No Evidence Of Chicanery, Knowing Misrepresentation, or Bad Faith

Finally, the Ninth Circuit has held that "chicanery or knowing misrepresentation by the party to be estopped is a factor to be considered in the judicial estoppel analysis . . . ." *Marilyn Monroe LLC*, 692 F.3d at 995. The Ninth Circuit also considers whether there is evidence of bad faith on the part of the party to be estopped. *Johnson*, 141 F.3d at 1370. Plaintiffs proffer no evidence of chicanery, knowing misrepresentation, or bad faith – because there is none. Rather, Plaintiffs' meager analysis rests entirely on statements made in the Motions, which, in and of themselves, are not evidence of anything. *Klein*, 185 F.3d at 109-111 (the "extreme sanction" of judicial estoppel not applicable because there was no evidence of bad faith beyond the inconsistent statements). Finally, as discussed above, there would be no purpose for chicanery because any benefit AWG derived from consolidation was shared with Plaintiffs. Therefore, it would be odd to argue that AWG acted in bad faith to obtain the consolidation. The factors considered by the Court in determining whether to apply the extreme and extraordinary remedy of judicial estoppel weigh in favor of AWG.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

**B.  Plaintiffs' Tantrum Regarding The Applicable Legal Standard Is A Red Herring**

Rule 23 is clear, "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C); 5-23 Moore's Federal Practice - Civil § 23.87 ("[a]n order certifying a class may be altered or amended *at any time* before final judgment") (citing Fed. R. Civ. P. 23(c)(1)(C)). Plaintiffs' long-winded argument that modifications can only happen after "subsequent developments in the litigation," (Doc. No. 188, 2:20), is flat out wrong. There is no question that decertification orders are generally issued after a case has progressed or developed. Indeed, as the Court is well aware, there have been numerous developments in this case since certification back in 2012 (discussed below). However, more importantly, in *Falcon* the Supreme Court made clear that the paramount concern in Rule 23 class actions is ensuring that Rule 23 is complied with at all points during the litigation. *Falcon*, 457 U.S. at 160. After describing certification orders as "inherently tentative," the Court explained that this "flexibility enhances the usefulness of the class-action device; **actual, not presumed, conformance with Rule 23(a) remains, however, indispensable**." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *see also Dukes*, 131 S. Ct. at 2551. In other words, "[a] district court has a duty to assure that a class once certified continues to be certifiable under Fed. R. Civ. P. 23(a)." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1145 (8th Cir. 1999). This is one reason why courts have wide discretion to decide whether to decertify a class. *Gonzales v. Arrow Fin. Servs. LLC*, 489 F. Supp. 2d 1140, 1153 (S.D. Cal. 2007) aff'd, 660 F.3d 1055 (9th Cir. 2011). Indeed, one of the cases cited by Plaintiffs specifically states that "a 'district court may decertify a class if it appears that the requirements of Rule 23 are not *in fact* met.'" *Doe v. Karadzic*, 192 F.R.D. 133, 136 (S.D.N.Y. 2000) (emphasis added). Accordingly, as much as Plaintiffs wish to avoid it, a review of the merits of AWG's Motion is necessary because, as discussed therein, Rule 23's requirements have not, in fact, been met.[2]

---

[2]   Plaintiffs misrepresent the record to the Court. They argue that AWG's Motion to Decertify is its

8.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Moreover, AWG's Motion *is* based on numerous subsequent developments in the case. For example, on January 23, 2013, Plaintiffs filed a status report and purportedly attached a list of individuals who have filed Consent to Sue forms with the Court. (Doc. No. 116, 2:19-20). However, the docket clearly shows that to date only **one** individual has filed a Consent to Sue form. (Doc. No. 33). Accordingly, as argued in AWG's Motion to Decertify, there are serious concerns about whether there is even a class to pursue this litigation. (Doc. No. 174, 13:26-14:22). Notably, Plaintiffs' Opposition does not address this argument. On February 28, 2014, the Court allowed AWG to amend its answer to include various affirmative defenses. (Doc. No. 163). As thoroughly discussed in AWG's Motion to Decertify, one of the reasons the classes should be decertified is that there are no common answers with regard to these defenses. (Doc. No. 174, pp. 19-24). Accordingly, there have been a variety of developments in this case.

In sum, therefore, Plaintiffs discussion regarding the legal standard for decertification is a distraction. The Court's paramount concern in this case is that the previously certified classes remain, in fact, in compliance with Rule 23. For the many reasons discussed in AWG's Motion to Decertify, they are not.

**C.     Plaintiffs' Argument Regarding The Rule 23 Class Is A Nearly Incoherent Straw Man Argument**

Plaintiffs' argument regarding the Rule 23 class is a classic "straw man" argument. Plaintiffs advance two arguments, neither of which are relevant to AWG's Motion. First, Plaintiffs spend nearly two pages arguing that this case is distinguishable from the *Dukes*

---

"fourth bite at the apple," implying that this is the fourth time AWG has sought decertification of the class. This is simply not true. This is the *first* time AWG has moved for decertification. The prior three certification motions were filed by Plaintiffs. In January 2010, the **Baum Plaintiffs** filed a Motion for Class Certification (Doc. No. 27), however, that motion was denied because the **Greene Plaintiffs** opposed it and the Court was "not inclined to certify a class for an action where plaintiffs cannot agree on the certification and its appropriateness," (Doc No. 50, 3:2-3). In July 2011, Plaintiffs filed another Motion for Class Certification (Doc. No. 73), however, that motion was denied because Plaintiffs failed to demonstrate numerosity, (94, 2:4-7). That was Plaintiffs' second bite at the apple. Then, in January 2012, only one month after the Court denied Plaintiffs' second Motion for Class Certification (and after there were no changes or developments in the facts of the case), Plaintiffs filed their third Motion for Class Certification (Doc. No. 94), and that Motion was granted (Doc. No. 103). It would be preposterous to contend that AWG is not entitled to move for decertification even once when Plaintiffs moved for certification three times and when decertification is a very routine mechanism in all class action litigation.

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

case. (Doc. No. 188, 6:20-8:10). However, AWG did not cite *Dukes* to compare and contrast its facts. AWG cited *Dukes* because it is the seminal case on Rule 23 class actions; it establishes the standard for determining whether Rule 23's commonality requirement is satisfied. Accordingly, the fact that *Dukes* is a Title VII disparate impact case involving millions of class members using "aggregate proof" to establish a company-wide policy is entirely irrelevant to this case. As such, Plaintiffs' argument attempting to distinguish *Dukes* should be disregarded. (*Id.*).

Second, Plaintiffs argue that the necessity of making individualized damages calculations for each class member, *alone,* cannot defeat certification. (Doc. No. 188, 8:11-9:10). This assertion may, or may not, be true, however, it is not an argument made by AWG.[3] Instead, AWG has pointed out to the Court that because Plaintiffs failed to conduct any class discovery Plaintiffs do not have class information that would allow them to calculate class members' damages even if liability is established other than by sheer resort to guess work. Plaintiffs never propounded discovery requests for basic class information such as payroll or attendance records. Thus, for example, even if Plaintiffs' were able to establish that class members were required to work off-the-clock for 10 minutes per day, which they were not, because Plaintiffs did not request time and attendance records, they have no idea of the number of days each class member worked during the statute of limitations. Thus, AWG argued "if these actions are not decertified the parties will be required to waste the Court's resources by going to trial over claims for which Plaintiffs will not be able to prove damages." (Doc. No. 174, AWG's Motion to Decertify, 16:9-11). Accordingly, Plaintiffs' argument regarding damages is yet another red herring that should be entirely disregarded. Therefore, the arguments made by Plaintiffs regarding their Rule 23 class provide no resistance to AWG's Motion to Decertify.

---

[3] It is worth noting that the case cited by Plaintiffs – *Leyva v. Medline Industries, Inc.*, 716 F.3d 510 (9th Cir. 2013) is distinguishable because it is analyzing Rule 23(b), not Rule 23(a)'s "commonality" requirement, the requirement at issue in AWG's Motion. Moreover, the issue presented in in *Levya* was not that Plaintiffs failed to conduct class discovery enabling them to calculate class members' damages, which is one of the issue presented in AWG's Motion to Decertify.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

10.

### D. Plaintiffs Advance Additional Irrelevant Arguments Related to the FLSA Class

Not surprisingly, part of Plaintiffs' argument regarding the FLSA class is also a "straw man" argument. (Doc. No. 188, 10:21-11:23). Specifically, Plaintiffs argue AWG is asking the Court to grant summary judgment on AWG's defenses. (*Id*.). Plaintiffs then proceed to argue that AWG will not prevail on its defenses. (*Id*.). This argument should be totally disregarded – another red herring. AWG is not moving for summary judgment on any of its defenses (or anything else for that matter). AWG is seeking decertification of the conditionally certified classes and decertification is proper where there are no common answers with regard to the defenses applicable to Plaintiffs' claims. *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 587 (E.D. La. 2008); *see also Dukes*, 131 S. Ct. at 2560. Accordingly, Plaintiffs' straw man argument that AWG is seeking summary adjudication is totally irrelevant to AWG's Motion.

Importantly, Plaintiffs only make one conclusory argument relative to only one of AWG's defenses: the taxi cab exemption.[4] They state that the question of whether AWG is in the "business of operating taxicabs" is not an individualized issue. (Doc. No. 188, 11:15-17). However, this "argument" is irrelevant because AWG never argues this is an individualized issue. The only individualized issue raised by AWG (related to the taxi cab exemption) is whether the drivers' work activities fall within the exemption. (Doc. No. 21:5-9). Accordingly, Plaintiffs have, in essence, failed to oppose AWG's argument that its defenses require individualized inquiry. As such, this is a factor that should weigh in favor of decertification.

### E. Plaintiffs Provide No Substantive Response To AWG's Arguments Regarding The Variety Of Dissimilarities Among Plaintiffs

To determine whether Rule 23's commonality requirement is satisfied, the Court analyzes whether a classwide proceeding would generate common answers or whether

---

[4] Plaintiffs do not address AWG's argument that the MCA exemption involves individualized inquiries; they merely state that it is hypocritical for AWG to assert this argument (which, of course, is a not true). (Doc. No. 188, 10:22-11:6).

11.

there are dissimilarities with the proposed class that impeded such common answers. *Dukes*, 131 S. Ct. at 2556-57. The inquiry is similar under the FLSA, where "the more material distinctions revealed by the evidence, the more likely the district court is to decertify the collective action." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007). AWG made several arguments regarding these inquiries in its Motion to Decertify that remain largely uncontested.

First, AWG argued that Plaintiffs' Complaints and declarations demonstrate there are substantial dissimilarities between Plaintiffs. (Doc. No. 174, pp. 10-14). For example, Plaintiffs are inconsistent in in their allegations of (1) how they were compensated, (*id.*, at 11:13-21), (2) whether they were given meal or rest periods, (*id.*, at 11:21-25), and (3) whether they were paid for mandatory trainings, (*id.*, at 11:25-26), among other things. Plaintiffs address none of these arguments in their Opposition. (Doc. No. 188). In addition, AWG argues that Plaintiffs' declarations amplify the inconsistencies in their Complaints for many reasons, the most salient of which is that the declarations show Plaintiffs performed off-the-clock work to varying degrees. (Doc. No. 174, 13:2-17); *see also O'Brien v. Ed Donnelly Enters., Inc.*, 2006 WL 3483956, at *4 (S.D. Ohio 2006) (claims that individual plaintiffs performed off-the-clock work to varying degrees insufficient to survive decertification). Again, Plaintiffs do not address this argument. In fact, Plaintiffs do not even mention their declarations in their Opposition.

The only argument Plaintiffs make with respect to this portion of AWG's Motion is that there are purportedly 116 opt-ins to the FLSA class and the mere existence of these opt-ins demonstrates they are similarly situated. There are two fundamental problems with this argument. First, Plaintiffs provide no authority for the proposition that the mere filing of opt-ins satisfies the FLSA's "similarly situated" requirement. It is certainly not one of the factors courts typically consider when analyzing this requirement. *Anderson*, 488 F.3d at 953. Second, as discussed above, and contrary to Plaintiffs' assertion, there has only been **one** opt-in filed in this case, a fact that Plaintiffs do not contest. Third, the fact that several individuals have opted-in to an FLSA class does not mean they are similarly situated.

Indeed, there could be a whole host of dissimilarities among the purported opt-ins. Without any evidence regarding these individuals, however, it is impossible for Plaintiffs to meet their "heavy burden" to show they are similarly situated. *Smith*, 2007 U.S. Dist. LEXIS 60729, at *12.

Second, AWG argued that its evidence demonstrates that decertification is necessary. Specifically, AWG's evidence demonstrates there was no blanket, company-wide policy depriving drivers of a minimum wage because records regarding the named Plaintiffs show they were paid a minimum wage for all hours worked. (Doc. No. 174, pp. 16-19).[5] Plaintiffs' response to this argument is confined to one measly paragraph, and this argument only pertains to the FLSA class (thereby waiving the argument with respect to the Rule 23 class). (Doc. No. 188, 16-21). Plaintiffs simply attach a "Reservation Manifest" for Robert Green that shows nothing more of substance than Exhibit 7 to AWG's Motion. It certainly does not show that Green was not paid a minimum wage for all hours worked. Moreover, it would be difficult to imagine how **one** document related to the driving activity of **one** driver on **one** day could demonstrate that all Plaintiffs are "similarly situated" to all potential class members. In addition, Plaintiffs completely fail to address AWG's argument that Green was, in fact, paid a minimum wage for all hours worked during the relevant pay period. (Doc. No. 174, p. 17). Accordingly, Plaintiffs have effectively failed to oppose this argument as well and, as a result, the question of decertification rests entirely on AWG's evidence as presented by AWG in its Motion to Decertify. Under the circumstances, decertification should readily be granted. Plaintiffs have all but abandoned their attempt to maintain a class.

### F. Plaintiff Fails To Oppose Key Arguments Advanced In AWG's Motion to Decertify

Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capital*,

---

[5] Plaintiffs also attach an exhibit that purports to support their argument that there is a company-wide policy. (See Doc. No. 188, Exhibit 5). However, this exhibit says nothing about any prior policies and in no way indicates that drivers were not being paid a minimum wage for all hours worked.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

13.

*Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law. *United States v. Hvass*, 355 U.S. 570, 574-575 (1958); *Weil v. Neary*, 278 U.S. 160, 169 (1929).

### 1. Plaintiffs Fail To Oppose AWG's Argument That The Class Period Should Only Date Back To 2007

When it conditionally certified the class, the Court temporarily defined the class period to include any possible claims dating to 2003. (Doc. No. 103, Order, 5:15-20). The Court also expressly stated that "defendants may later move to 'prune' the relevant class period once 'discovery is complete and the case is ready for trial.'" (*Id.*) (citing *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 989 (C.D. Cal. 2006)). In its Motion to Decertify, AWG advanced several arguments relative to its request to "prune" the class period. (Doc. No. 174, 25:16-27:27). However, Plaintiffs' Opposition addressed none of these arguments. (Doc. No. 188). Indeed, Plaintiffs were completely silent on this issue. (*Id.*). Accordingly, in the event the Court does not decertify the classes (and it should), the Court should grant AWG's motion to prune back the class period to 2007 pursuant to Local Rule 7-2(b) as Plaintiffs have failed to oppose this argument. *Abbott*, 718 F. Supp. at 831; *Hvass*, 355 U.S. at 574-575; *Weil*, 278 U.S. at 169; *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995).

### 2. Plaintiffs Fail To Oppose AWG's Argument That Only One Individual Has Filed A Consent To Sue

In its Motion to Decertify, AWG argues that Plaintiffs have not complied with the FLSA by filing their purported Consent to Sue forms with the Court. (Doc. No. 174, 13:26-14:13). In fact, only **one** individual has filed a Consent to Sue form with the Court. (Doc. No. 23). Plaintiffs' do not oppose this argument. Plaintiffs merely state, in highly conclusory terms, that they filed a list of "valid" opt-ins that "represent" the members of the FLSA class. (Doc. No. 188, 5:25-6:2). Plaintiffs also attach various "Consent to Join" forms as evidence that they are similarly situated to the purported class. (*Id.* at 9:15-21, Exhibit 4). However, Plaintiffs do not contest the need to file Consent to Sue forms with the

14.

Court, nor, the fact that no forms were actually filed with the Court. Accordingly, Plaintiffs have failed to oppose this argument under Local Rule 7-2(b) and, as such, the FLSA statute of limitations continues to run for all potential members of the FLSA class except for Plaintiff Greene, the only individual that filed a consent form with the Court.

### III. CONCLUSION

Decertification is proper at this time and Plaintiffs' Opposition provides little resistance to this reality. Rather, Plaintiffs use almost their entire argument attempting to persuade the Court to not review this Motion on its merits. This is because a review of the merits demonstrates (1) Plaintiffs' "evidence" creates more dissimilarities than commonalities (indeed, it creates no commonalities); (2) there is a void of evidence (primarily in classwide evidence) that cripples any attempt to maintain a class action; and (3) AWG's evidence demonstrates there is no company-wide policy depriving drivers of a minimum wage.

As such, AWG respectfully requests the Court decertify the classes previously certified. Moreover, even if the Court does not decertify the classes (and it should), the class period should be pruned back to 2007 because Plaintiffs have failed to oppose this portion of AWG's motion.

Dated: June 2, 2013

Respectfully submitted,

/s/ Wendy M. Krincek, Esq.
RICK D. ROSKELLEY, ESQ.
WENDY MEDURA KRINCEK, ESQ.
MARCUS B. SMITH, ESQ.

Attorneys for Defendants

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

15.

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169-5937. On June 2, 2013, I served the within document(s):

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DECERTIFY AS A REPRESENTATIVE CLASS AND COLLECTIVE ACTION**

☒ By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Mark R. Thierman, Esq.
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511

Jason J. Kuller, Esq.
Kuller Law PC
10775 Double R. Blvd.
Reno, NV 89521

Patrick Kyle Smith, Esq.
Lynch Hopper Salzano & Smith
1640 Alta Drive
Suite 11
Las Vegas, NV 89106

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 2, 2013, at Las Vegas, Nevada.

/s/ Erin J. Melwak
Erin J. Melwak

Firmwide:127192342.2 065207.1006