UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT GREENE,

        Plaintiff,

v.

ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, et al.,

        Defendants.

2:09-CV-748 JCM (NJK)

**ORDER**

Presently before the court is the defendants' motion to reconsider, (doc. # 173), Magistrate Judge Koppe's March 18, 2014, order, (doc. # 171). The plaintiffs filed a response in opposition, (doc. # 187), and the defendants replied, (doc. # 193).

**I.     Background**

The lawsuit is a wage-and-hour dispute brought on behalf of limousine drivers. Both sides have failed to produce initial discovery disclosures and the defendants filed a motion to sanction the plaintiffs, seeking that discovery pertaining to the calculation of damages, which had not been previously provided, be excluded. Such a sanction would effectively be dispositive for the defendants as the plaintiffs would be unable to claim damages. The magistrate judge granted the motion in part, (doc. # 149), finding that the plaintiffs failed to produce discovery and that it was not harmless, (doc. # 171). However, the magistrate judge declined to exclude the evidence, holding that such a sanction was not warranted. (Doc. # 171). Instead, the magistrate judge ordered that the jury be instructed on

**James C. Mahan**
**U.S. District Judge**

the failure to produce discovery and fined the plaintiffs for reasonable attorney's fees in the amount of $16,216.00. *Id*. The defendants object on two counts: (1) that the magistrate judge erred in ordering the jury instruction because it is a bench trial; and (2) that the magistrate judge improperly decided the sanctions by allowing admission of the untimely produced discovery. (Doc. # 173).

## II.    Legal standard

A magistrate judge's jurisdiction to order sanctions, rather than recommend sanctions to the district court, depends on whether the sanctions are dispositive or non-dispositive of a claim or defense of a party. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Maisonville v. F2 America Inc.*, 902 F.2d 746, 747 (9th Cir. 1989) (stating that "discovery sanctions not falling within the motions excepted in section 636(b)(1) are non-dispositive matters," and noting that using a clearly erroneous standard "corresponds to the approach, in imposing sanctions for discovery abuses" (citing Fed. R. Civ. P. 11, advisory committee notes (1983 amendment)). Therefore the magistrate judge may enter a written order, rather than a recommendation, "setting forth the disposition of the matter" which is reviewed by the district court for clear error. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Nev. R. 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of

1  procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 2012 WL 3884939,
2  at *3 (D. Nev. 2012).

3  A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo
4  review, and the reviewing court "may not simply substitute its judgment for that of the deciding
5  court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

6  **III.    Discussion**

7  At issue is the magistrate judge's decision not to exclude the evidence that the plaintiffs
8  failed to produce during initial discovery period. Although the magistrate judge did impose lesser
9  sanctions, the defendants claim that these sanctions were improper. Furthermore, the defendants
10 claim the magistrate judge erred in finding that the plaintiffs' failure to produce discovery was not
11 willful.

12 However, the magistrate judge properly analyzed the five factors laid out by the Ninth Circuit
13 in *Wendt v. Host Int'l, Inc.*: (1) the public's interest in expeditious resolution of litigation; (2) the
14 court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the
15 public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
16 sanctions. 125 F.3d 806, 814 (9th Cir. 1997). The court found that the preference for determining
17 cases on their merits and the availability of lesser sanctions sufficiently outweighed the other factors.
18 *Id.* This is the correct application of the law and within the range of deference afforded to the
19 magistrate judge under the clearly erroneous standard.

20 Accordingly,

21 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendants' motion
22 to reconsider (doc. # 173) be, and the same hereby is, DENIED.

23 DATED June 18, 2014.

25 *[signature]*
   UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**