1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT A. GREENE, et al., )<br>                       Plaintiff(s), )<br>                            )<br>vs.                               )<br>                             )<br>ALAN WAXLER GROUP CHARTER )<br>SERVICES, LLC, et al., )<br>                             )<br>                  Defendant(s). )<br>                             ) | Case No. 2:09-cv-00748-JCM-NJK<br><br>ORDER DENYING IN PART<br>MOTION FOR SANCTIONS<br><br>(Docket No. 185) |

       Pending before the Court is Plaintiffs' motion for sanctions.  Docket No. 185.  Defendants filed a response and Plaintiffs filed a reply.  Docket Nos. 190, 194.  The Court finds the motion properly decided without oral argument.  *See* Local Rule 78-2.  For the reasons discussed more fully below, the Court hereby **DENIES** the motion in part.

       As an initial matter, the Court notes that the motion seeks sanctions both for alleged discovery violations under Rule 37[1] and for alleged vexatious conduct under 28 U.S.C. § 1927 and Rule 11.  *See* Docket No. 185 at 19-20.  This order addresses only the request for sanctions under Rule 37, and a separate order will be issued addressing the request for sanctions under 28 U.S.C. § 1927 and Rule 11.

**I.     BACKGROUND**

       This is a wage and hour lawsuit brought on behalf of limousine drivers, filed in 2009. Although an exact date is not clear from the record, initial disclosures appear to have been due in early 2010.  *See*

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

1   Docket No. 171 at 1 & n.2.  The Court subsequently extended the discovery cutoff on two occasions,

2   but discovery closed on June 30, 2011.  *See* Docket No. 69.  On October 25, 2013, Defendants filed a

3   motion for discovery sanctions seeking, *inter alia*, case-dispositive sanctions against Plaintiffs for failing

4   to provide initial disclosures.  *See* Docket No. 149.  The undersigned granted the sanctions motion in

5   part, but denied the requested case-dispositive sanctions.  *See* Docket No. 171.  Judge Mahan has

6   recently denied Defendants' motion to reconsider that order.  *See* Docket No. 196.[2]

7   In the interim, Plaintiffs brought their own motion for discovery-related sanctions.  Plaintiffs

8   assert that discovery sanctions should be imposed against Defendants because (1) Defendants failed to

9   supplement their responses to discovery requests; and (2) Defendants failed to provide initial

10  disclosures.  Plaintiffs' motion for discovery sanctions is the motion currently before the Court.

11  **II.     ANALYSIS**

12  Plaintiffs make two overarching arguments in support of their motion for discovery sanctions.

13  First, they argue that Defendants failed to supplement their responses to Plaintiffs' propounded

14  discovery requests.  Second, they argue that Defendants failed to provide initial disclosures.  The Court

15  addresses each argument in turn below.

16          A.     Failure to Supplement Discovery Responses

17  On or about February 22, 2011, Defendants responded to various discovery requests propounded

18  by Plaintiffs.  *See* Docket Nos. 185-4, 185-5.  Plaintiffs argue that Defendants should be sanctioned for

19  failing to supplement these discovery responses. In particular, Plaintiffs argue that Defendants violated

20  their obligation to supplement because they failed to provide class-wide information following the order

21  certifying the class in this case.  *See* Docket No. 185 at 9-14.  Defendants counter by asserting that class-

22  wide information was not sought in the initial discovery propounded, so they had no duty to supplement.

23  Docket No. 190 at 6.[3]

24  _____

25          [2] The case is now set for trial on July 28, 2014.  *See* Docket No. 184.

26          [3] Although not entirely clear, Plaintiffs may also be arguing that the discovery responses pertaining

27  to the named Plaintiffs also had to be supplemented for the years preceding 2007.  *See* Docket No. 185 at
    8-9.  Defendants' response asserts without explanation that no such supplementation was required for the

28  named Plaintiffs in light of Defendants' "valid objections."  *See* Docket No. 190 at 8.  The arguments

As an initial matter, although Plaintiffs refer to serving requests for admission, requests for production, and interrogatories, they do not identify with specificity which discovery requests they contend required supplementation following class certification. *See* Docket No. 185 at 8. Nonetheless, the focus of Plaintiffs' arguments relate to class-wide wage-and-hour records, *see, e.g.*, Docket No. 185 at 3, so the Court will focus its analysis on the requests for production seeking such information.

Problematically for Plaintiffs, however, the relevant requests for production were limited to the named Plaintiffs and did not seek documents related to the claims of absent class members. *See, e.g.*, Request for Production 1 (Docket No. 185-3) (seeking time sheets for "each of the plaintiffs named in the consolidated action of *Sam Baum, et al. v. Alan Waxler, et al.* (Consolidated Case No.: 2:09-cv-00914) ('Baum Plaintiffs')"). An obvious predicate to an obligation to supplement is that the information at issue was actually sought in the first place; the supplementation requirements in Rule 26(e) do not require "that a party volunteer information not fairly encompassed by the earlier request." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 540 (3d Cir. 2007) (quoting *In re Air Crash Disaster*, 86 F.3d 498, 539 (6th Cir. 1996)). Defendants did not violate any obligation to supplement their discovery responses with class-wide information because such information was not sought in the discovery that was propounded.[4] Accordingly, to the extent Plaintiffs seek sanctions for Defendants' purported failure to supplement their discovery responses with class-wide information, the motion is **DENIED**.

---

regarding supplementation for discovery pertinent to the named Plaintiffs are not sufficiently developed for the Court to issue a ruling. *See, e.g., The Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *8 n.4 (D. Nev. May 14, 2013) (quoting *Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001)).

[4] Plaintiffs note that, after the discovery cut-off had passed, their counsel corresponded with Defendants' prior counsel about the possibility of Defendants providing class-wide discovery despite the lack of a formal discovery request. *See, e.g.*, Docket No. 185 at 10-11. Defendants ultimately changed course when Plaintiffs refused to agree to reopen discovery generally. Plaintiffs provide no legal authority in support of the argument that documents must be produced in response to such communications, and the Court finds any such argument unpersuasive.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B.    Failure to Provide Initial Disclosures

Plaintiffs also argue that Defendants failed to provide initial disclosures.  When a party fails to meet its initial disclosure obligations, the Court turns to Rule 37(c) to determine whether sanctions are appropriate.  Rule 37(c)(1) provides that a non-compliant party is "not allowed to use the information . . . at trial, unless the failure was substantially justified or harmless."  The party facing the sanction has the burden of showing substantial justification or harmlessness.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).

1.    Class-Wide Wage and Hour Records

Plaintiffs argue that Defendants failed to comply with their initial disclosure obligations because they did not provide class-wide information to support Plaintiffs' claims.  *See, e.g.*, Docket No. 185 at 3 (asserting that Defendants "fail[ed] to make initial disclosures . . . by withholding key wage and hours records showing AWG's liability and Drivers' damages").  Defendants contend that this argument fails because Rule 26(a) does not require an initial disclosure of information necessary for the opposing party to support its claims.  *See* Docket No. 190 at 4.  The Court agrees with Defendants.  The Rule very clearly requires each party to disclose information that the disclosing party "may use to support *its* claims or defenses."  *See* Rule 26(a)(1)(A)(i)-(ii) (emphasis added).  "This means that there is no requirement to disclose anything that the disclosing party will not use, which may include much that is harmful to its case. . . . [A] party is not required to disclose material that will solely aid its opponent."  8A Wright, Miller, & Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2053, at 365-66 (2010) (discussing 2000 amendments); *see also Harris v. Advance Am. Cash Advance Ctrs., Inc.*, 288 F.R.D. 170, 171 (S.D. Ohio 2012) (citing *El Camino Resources, Ltd. v. Huntington Nat'l Bank*, 2009 WL 1228680, *3 (W.D. Mich. Apr. 30, 2009)); *In re Fort Totten Metrorail Cases*, 279 F.R.D. 18, 22-23 (D.D.C. 2011).  While Plaintiffs bemoan the challenge they face going to trial without discovery regarding class-wide damages, *see* Docket No. 185 at 6, they have not shown that Defendants were obliged to provide that information as an initial disclosure.  Accordingly, to the extent Plaintiffs seek sanctions for Defendants' purported failure to provide initial disclosures with class-wide information to support Plaintiffs' claims, the motion is **DENIED**.

4

2.      Witnesses and Documents Supporting Defendants' Defenses

Defendants assert that the witnesses and documents that they intend to rely upon at trial to support their defenses were previously provided to Plaintiffs, albeit not in the form of initial disclosures or by the initial disclosure deadline.  *See* Docket No. 190 at 4 (referring to information provided in response to Plaintiffs' discovery requests).  Defendants provided their discovery responses on or about February 22, 2011.  *See* Docket Nos. 185-4, 185-5.  The discovery cut-off did not expire until more than four months later, on June 30, 2011.  *See* Docket No. 69.  Hence, this information was not provided by the initial disclosure deadline, but it was provided well before the discovery cut-off.

As noted above, sanctions for failing to provide initial disclosures are not appropriately imposed where the shortcoming was substantially justified or harmless.[5]   Courts are most likely to exclude evidence first disclosed shortly before trial or substantially after discovery has closed.  *See, e.g.*, *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011).  Defendants argue that sanctions are inappropriate here because any violation was harmless, and the Court agrees.  In particular, Defendants argue that they intend to rely at trial only on the information they provided during the discovery period.  *See* Docket No. 190 at 4.[6]  Plaintiffs had full opportunity (for four months) to serve new discovery requests based on any of the information provided in February 2011, and have had ample

---

[5] Plaintiffs appear to argue in reply that the failure to timely provide initial disclosures automatically results in sanctions.  *See* Docket No. 194 at 2-4 (arguing that Rule 26(a) does not have any "safe harbor" provision and a party cannot "cure" its failure to timely provide initial disclosures).  This argument is somewhat puzzling.  As Plaintiffs' opening brief acknowledges, sanctions are not appropriate where the failure to provide initial disclosures is substantially justified or harmless.  *See* Docket No. 185 at 4-5.

Plaintiffs also argue that no "supplemental" disclosure was ever made because the information was obtained in response to discovery requests.  *See* Docket No. 194 at 3-4 ("Plaintiffs did not serve discovery in order to enable AWG to meet its initial disclosure requirement").  But in these circumstances, a formal supplemental disclosure was not required.  *See* Rule 26(e)(1)(A) (requiring supplemental disclosures where a party learns that its disclosure was incomplete only where the missing information "has not otherwise been made known to the other parties during the discovery process")*.*

[6] Plaintiffs argue that the information disclosed is insufficient for Defendants to meet their burden on certain defenses, *see, e.g.*, Docket No. 194 at 4 (discussing the Motor Carrier Act exemption), but that is an issue for the fact-finder at trial.  What is relevant here is that Defendants disclosed the information they will rely on in support of their defenses.

time to prepare for trial in light of the disclosed information.  Given the facts of this case, the Court finds that imposing sanctions for the late-disclosure of this information is inappropriate because the failure was harmless.   Accordingly, to the extent Plaintiffs seek sanctions for Defendants' late initial disclosures, the motion is **DENIED**.

## III.   CONCLUSION

For the reasons discussed more fully above, Plaintiffs' motion for sanctions is hereby **DENIED** in part.

**IT IS SO ORDERED.**

DATED: June 19, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge