UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT GREENE,

    Plaintiff,

v.

ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, et al.,

    Defendants.

2:09-CV-748 JCM (NJK)

**ORDER**

Presently before the court is a motion to decertify filed by defendants Alan Waxler and Alan Waxler Group Charter Services LLC (hereinafter "AWG" or defendant). (Doc. # 174). The plaintiffs have responded with an opposition to the motion, (doc. # 188), and the defendants have replied, (doc. # 191).

I.    Background

The case arises out of the plaintiffs' allegations that the defendants failed to pay employees for all hours worked and to pay overtime as required by Nevada wage-and-hour laws and the Fair Labor Standards Act (FLSA). The court initially denied the plaintiffs' request to certify a class or collective action for failure to demonstrate numerosity, (doc. # 94), but granted the plaintiffs' second request, (doc. # 103).

The court certified the following: (1) Class under Federal Rule of Civil Procedure 23: all current and former drivers employed by the AWG defendants in the state of Nevada from 2003 to

**James C. Mahan**
**U.S. District Judge**

1 the present. (doc. # 112, Ex. A); and (2) FLSA collective action: all current and former drivers
2 employed by the AWG defendants from 2003 to the present excluding those employees over whom
3 the Secretary of the U.S. Department of Transportation has power to establish qualifications and
4 maximum hours of service rules pursuant to the Motor Carrier Act of 1935. *Id.*

## II. Legal Standard

### A. Decertification of Class Action Under Rule 23

The class-action device was designed as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1978). Class relief is "peculiarly appropriate" when the "issues involved are common to the class as a whole" and when they "turn on questions of law applicable in the same manner to each member of the class." *Id.* at 701. In such cases, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23." *Id.*

"[T]he prerequisites of numerosity, commonality, typicality, and adequacy of representation" specified in Rule 23(a), effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." *General Telephone Co. of Northwest v. EEOC*, 446 U.S. 318, 330 (1980). "This does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). In order to certify, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).

### B. Decertification of Collective Action Under FLSA

The FLSA was created to provide a uniform national policy of guaranteeing compensation for all work or employment covered by the act. *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 741 (1981). The FLSA grants individual employees broad access to the courts and permits an action to recover minimum wages, overtime compensation, liquidated damages, or injunctive relief. *Id.* at 740. Under the FLSA, an employee may initiate a collective action on behalf of himself or herself and other similarly situated people. 29 U.S.C. § 216(b). Court-supervised notice of

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    pendency of § 216(b) actions "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffman–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

There is a two-tiered approach to certifying a collective action under the FLSA. The first tier is the "notice stage" which requires only a "modest factual showing" and "the bar is quite low . . . typically result[ing] in conditional class certification." *Small v. Univ. Med. Ctr. of S. Nev.*, no. 2:13-cv-00298-APG-PAL, 2013 WL 3043454, at *1 (D. Nev. June 14, 2013). In the notice stage, the essential question is whether employees are sufficiently similarly situated, so that notice should be sent to prospective plaintiff[s]." *Id*. This "modest factual showing" standard is used because, at the initial stage of a collective action, the court has only minimal evidence to make its determination as to class member certification. *Fetrow-Fix v. Harrah's Entertainment, Inc.*, no. 2:10-cv-00560-RLH-PAL, 2011 WL 6938594, at *3 (D. Nev. Dec. 30, 2011).

During the "second stage" of the analysis, a court reviews several factors in determining whether to decertify a conditionally certified collective action, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the [proper] filings." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001).

III.   Discussion

The defendants' argue that the plaintiffs failed to produce evidence of damages. (Doc. # 188). However "[d]amage calculations alone cannot defeat certification" as such determinations in "nearly all wage-and-hour class actions" may be determined individually "once the common liability questions are adjudicated." *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513-14 (9th Cir. 2013).

Furthermore, representative testimony of the named plaintiffs is sufficient to establish a *prima facie* right to recover for non-testifying individuals on FLSA claims. *McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir. 1988). Therefore even without evidence on the record to support individualized calculations of damages, evidence of a practice or informal policy requiring

**James C. Mahan**
**U.S. District Judge**

1 employees to work off-the-clock is sufficient to show liability and commonality. Furthermore, the declarations already on the record indicate the defendants had such a practice, and are sufficient to certify a collective action. (Doc. # 73-1).

The court, in granting the initial certifications, has already determined that the plaintiffs meet the Rule 23 requirements and the initial "similarly situated" requirement under the FLSA. Although a judge is "free to modify" Rule 23 certifications, initial certification is granted only after all elements are met and should be modified only "in light of subsequent developments in litigation." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). In the instant case there has been no such development.

The defendants also claim that the plaintiffs have failed to reach the higher burden at the second stage of the collective action analysis, (doc. # 174), yet simultaneously claim "the inquiry [of the certification of a class under Rule 23] is largely the same under the FLSA." *Id*. Under the logic of the defendants, it follows that if Rule 23 certification standards are the same as the FLSA decertification inquiry, the court's decision to certify the Rule 23 class action, (doc. # 112), would be sufficient to meet the burden of showing that the plaintiffs are "similarly situated."

The defendants also fail to show how the common contentions, failure to pay for all hours worked and for unpaid overtime, do not render the plaintiffs sufficiently "similarly situated." The defendants move to decertify the class by taking a narrow view of the allegations in order to manufacture inconsistencies – pointing out that the named plaintiffs had different day-to-day activities, drove different types of vehicles, and are alleging different types of work duties that the defendants required be performed off the clock. (Doc. # 174). However, merely pointing to differences in minor details, such as what work was required off the clock, does not constitute a "disparate factual or employment setting." *Schemkes v. Presidential Limousine*, no. 2:09-cv-1100-GMN-PAL, 2011 WL 868182, at *3 (D. Nev. Mar. 10, 2011) (holding that although the drivers were from different companies and "specific facts related to certain employees may differ, it does not change the allegations that there was a violation of the law under very similar circumstances common to all parties").

Furthermore, the defendants do not put forward any individualized defenses. Moreover, the defendants' argument regarding the motor carriers' exemption from the FLSA has already been rejected by the court. (Doc. # 94). The court is capable of creating a class that excludes those employees for whom the defense creates an exception. Therefore, the evidence on the record continues to demonstrate that the "commonality" and "similarly situated" criteria are met, and the court finds no reason to decertify the collective action.

IV. Conclusion

The defendants' arguments regarding the plaintiffs' "dearth of evidence" as to damages do not persuade the court that the class and collective actions should be decertified, and would be more properly addressed in a motion for summary judgement. As the defendants' motion to decertify puts forth arguments that have previously been rejected and does not provide additional evidence, it will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to decertify as a representative class and collective action, (doc. # 174), be, and at the same time hereby is, DENIED.

DATED June 26, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -