# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT GREENE,

    Plaintiff,

v.

ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, et al.,

    Defendants.

2:09-CV-748 JCM (NJK)

## ORDER

Presently before the court is the plaintiffs' motion for sanctions, (doc. # 185), due to vexatious and unreasonable multiplication of proceedings. The defendants responded in opposition, (doc. # 190), and the plaintiffs replied, (doc. # 194).

I.    Background

This motion arises out of a wage-and-hour collective action lawsuit brought by current and former limousine drivers against their employer, Alan Waxler Group, Inc. Magistrate Judge Koppe recently entered an order denying the plaintiffs' request for sanctions pursuant to Federal Rule of Civil Procedure 37. (Doc. # 197). At issue is whether the defendants should be sanctioned under 28 U.S.C section 1927 for unreasonably multiplying the proceedings in this action. The plaintiffs are seeking attorneys' fees reasonably incurred in order to oppose the defendants' motions to reopen discovery, to amend their answer, to reconsider summary judgment, to decertify the class, and to reconsider the magistrate judge's sanction order. (Doc. # 185).

**James C. Mahan**
**U.S. District Judge**

II.     Legal Standard

Section 1927 authorizes the imposition of sanctions upon any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. A district court's order must contain "specific factual support for [a] finding of vexatiousness . . . [in order] to sustain the imposition of section 1927 sanctions." *Blumberg v. Gates*, 152 F. App'x 652, 653-54 (9th Cir. 2005). ("[D]istrict courts are nonetheless required to develop detailed factual findings regarding unreasonability, vexatiousness and bad faith."); *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) ("The district court has broad fact-finding powers with respect to sanctions, and its findings warrant great deference, but [the appellate court] must know to what it defers.")

Imposition of costs and fees under § 1927 may be made only on a finding that the attorney acted "recklessly or in bad faith." *See,* e.g., *United States v. Associated Convalescent Enters.*, 766 F.2d 1342, 1346 (9th Cir. 1985). The Ninth Circuit has "emphasize[d] that only conduct rising to the level of maliciousness, vexatiousness or bad faith warrants section 1927 sanctions; negligence-even gross negligence-is not enough." *Blumberg*, 152 F. App'x at 654; *see also Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) ("[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim *for the purpose of harassing an opponent*."). Therefore without specific evidence of maliciousness, vexatiousness, or bad faith, the court must decline to impose sanctions. Furthermore, "notice and a hearing should precede imposition of a sanction under § 1927." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 638 (9th Cir. 1987) (citing *United States v. Blodgett*, 709 F.2d 608, 610).

III.    Discussion

In the instant case, the plaintiffs point to numerous motions filed by the defendants, but make no specific allegations and point to no evidence demonstrating malice, bad faith, or intent to harass. Therefore, the plaintiffs' arguments are unpersuasive. Indeed, the fact that one of the motions in question was granted by the court undermines the plaintiffs' claim that the motions were vexatious or unreasonable. (*See* doc. # 163).

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the portion of the plaintiffs' motion, (doc. # 185), requesting sanctions pursuant to 28 U.S.C. section 1927 be, and the same hereby is, DENIED.

DATED June 26, 2014.

_____
**UNITED STATES DISTRICT JUDGE**