Francis I. Lynch (NV Bar No. 4145)
Kyle Smith (NV Bar No. 9692)
LYNCH, HOPPER, SALZANO & SMITH
1640 Alta Drive, Ste. 11
Las Vegas NV 89106
T: (702) 868-1115

Jason Kuller (NV Bar No. 12244)
KULLER LAW PC
10775 Double R Blvd.
Reno, Nevada 89521
T: (855) 810-8103

Mark Thierman (NV Bar No. 8285)
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, Nevada 89511
T: (775) 284-1500

*Attorneys on behalf of Class Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT GREENE, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, a Nevada Limited Liability Company, Does 1-50, inclusive,<br><br>    Defendants<br><br>SAM BAUM, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALAN WAXLER, et al.,<br><br>    Defendants. | Greene v. Alan Waxler Charter Services<br>Case No.: 2:09-CV-00748-JCM-RJJ<br><br>Consolidated with:<br>Baum, et. al. v. Alan Waxler, et. al.<br>Case No.: 2:09-CV-0914-LDG-PAL<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |

The Court has before it Plaintiffs' Amended Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion"). The Court has carefully considered the request for preliminary approval of the parties' Settlement Agreement (ECF 213-1). The Court having read and considered the Motion, the arguments of counsel, and the law, and good cause appearing therefore, the Court hereby finds and orders as follows:

1. The Motion is granted. Unless otherwise noted, all terms herein shall have the same meaning and definition as in the parties' Settlement Agreement.

2. The Court finds the Settlement meets the requirements for preliminary approval as fair, adequate, and reasonable, and appears to be the product of arms-length and informed negotiations.

3. For settlement purposes only, the Court certifies the following Settlement Classes:

   a. The FLSA Settlement Class, which shall consist of all Class Members who timely complete and return a Consent/Claim Form; and

   b. The Rule 23 State Law Claims Settlement Class, which shall consist of all Class Members who do not timely complete and return a Request for Exclusion.

4. The Court finds, for settlement purposes only, that the FLSA Settlement Class meets the requirements for conditional certification under the Fair Labor Standards Act, 29 U.S.C. §§ 201-16 ("FLSA").

5. The Court also finds, for settlement purposes only, that the Rule 23 State Law Claims Settlement Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the Class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Class, which questions predominate over individual issues; (3) Plaintiffs' claims are typical of the claims of the Class; (4) Plaintiffs and their counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

6. The Court approves, as to form and content, the parties' proposed Class Notice, Consent/Claim Form, and Request for Exclusion (collectively "Notice Packet") attached to the Motion for Preliminary Approval of Class and Collective Action Settlement as Exhibits 2 and 3 respectively. The Court finds the Notice Packet sufficient to inform Class Members of the terms of the Settlement, of their rights under the Settlement, of their rights to object to the Settlement, and of their rights to make a claim or to elect not to participate in the Settlement, as well as the processes for doing so. The Court finds the scheduled dates and methods for distributing the Notice Packet meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. Any blank or previously undetermined dates or fields shall be completed in accordance with the Settlement and this Order.

7. The Court appoints, for settlement purposes only, the plaintiffs named in the Complaint (Robert Greene, Sam Baum, Brad Clark, Keith Jackson, Allan Douthard, Joseph Pellegrino, Zbigniew Obrycki, Juan Iglesia, Walter Clark, Ivron Mayfield, George Vande Logt, Robert Reed, Paul Lauzen, Troy Smith, Ferenc Zombori and Jacqueline Thomson) as representatives of the Class.

8. The Court appoints, for settlement purposes only, Lynch, Hopper, Salzano & Smith, Kuller Law PC and Thierman Law Firm as Class Counsel.

9. The Court appoints Total Class Solutions ("TCS"), as the Claims Administrator.

10. The Final Approval Hearing will be held on August 3, 2015 at 1:30 P.M. At such time, the Court will determine whether the parties' Settlement should be granted final approval as fair, reasonable, and adequate as to Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, including (i) whether the Court should approve the Settlement awards to Plaintiffs and Eligible Class Members, (ii) whether the Court should approve the requested Fee Award and Litigation Costs and Expenses to Class Counsel, (iii) whether the Court should approve the requested Enhancement Payments to Plaintiffs and (iv) whether the Court should sustain any timely objections to the Settlement.

11. Plaintiffs, in cooperation with Defendants, shall file a Motion for Final Approval of the Settlement, together with supporting briefs and other materials, no later than 15 days before the Final Approval Hearing date.

12. The Court orders the parties to carry out the Settlement in all other ways according to its terms.

13. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

Date: May 15, 2015

_____
UNITED STATES DISTRICT COURT JUDGE