Francis I. Lynch (NV Bar No. 4145)
LYNCH, HOPPER, SALZANO & SMITH
1640 Alta Drive, Ste. 11
Las Vegas NV 89106
T: (702) 868-1115

Jason Kuller (NV Bar No. 12244)
KULLER LAW PC
10775 Double R Blvd.
Reno, Nevada 89521
T: (855) 810-8103

Mark Thierman (NV Bar No. 8285)
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, Nevada 89511
T: (775) 284-1500

*Attorneys on behalf of Class Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT GREENE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALAN WAXLER GROUP CHARTER SERVICES, LLC dba AWG CHARTER SERVICES, a Nevada Limited Liability Company, Does 1-50, inclusive,<br><br>Defendants<br><br>SAM BAUM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALAN WAXLER, et al.,<br><br>Defendants. | Greene v. Alan Waxler Charter Services<br>Case No.: 2:09-CV-00748-JCM-RJJ<br><br>Consolidated with:<br>Baum, et. al. v. Alan Waxler, et. al.<br>Case No.: 2:09-CV-0914-LDG-PAL<br><br>**ORDER OF FINAL APPROVAL AND JUDGMENT** |

The Court conducted a Final Approval Hearing on August 3, 2015, in this class and collective action ("Action"). The Court has before it Plaintiffs' Unopposed Motion for Final Approval of: (1) Class and Collective Action Settlement; (2) Class Representative Service Payments; (3) Class Attorneys' Fees and Costs; and (4) Administrative Costs ("Motion"). The Court has carefully considered the request for final approval of the parties' Joint Stipulation and Settlement Agreement ("Settlement Agreement"). The Court having read and considered the Motion, the arguments of counsel, and the law, and good cause appearing therefore, the Court hereby finds and orders as follows:

1. The Motion is granted. All terms used herein shall have the same meaning as defined in the parties' Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members.

3. Distribution of the Class Notice, Consent/Claim Forms, and Requests for Exclusion has been completed in accordance with the parties' Settlement Agreement and the Court's Preliminary Approval Order (Doc. #234), including individual notice to all Class members who could be identified through reasonable effort, and as otherwise set forth in the Settlement. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and this Order of Final Approval and Judgment.

4. The Settlement Agreement meets the requirements for final approval as fair, adequate, and reasonable. The parties entered into the Settlement in good faith after years of hard-fought and hotly-contested litigation. The Settlement is the product of informed, serious, and non-collusive arms-length negotiations.

5. The Parties have conducted extensive and costly investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions. Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by further prosecution of the Action. The Court has reviewed the benefits that are being granted as part of the Settlement and recognized the significant value to the Parties and Class Members. The Class and both Settlement Classes are properly certified for settlement purposes only. Accordingly, the Court directs the Parties to effectuate the Settlement according to its terms.

6. The Court finds and orders that the Settlement constitutes a fair, reasonable, and adequate compromise of the Released Claims against the Released Parties. Upon the Effective Date, and except as to such rights or claims as may be created by the Settlement, Plaintiffs and each Eligible Class Member, individually and on behalf of all of their respective successors, assigns, heirs, and personal representatives, shall be deemed to have jointly and severally released, acquitted, and forever discharged the Released Parties from and against any and all Released Claims. In addition, each Absent Class Member shall be deemed to have jointly and severally released, acquitted, and discharged the Released Parties from and against any and all Released Claims except those arising under the FLSA. Furthermore, upon the Effective Date, the Releasing Parties and Absent Class Members shall have no claim against Class Counsel, Defendants' Counsel, or the Claims Administrator based on distributions or payments made in accordance with this Settlement Agreement.

7. Neither the Settlement nor any of the terms set forth in the Settlement is an admission by the Released Parties, nor is this Order of Final Approval and Judgment ("Final Order and Judgment") a finding of the validity of any claims in the Action or of any

wrongdoing by the Released Parties. Neither the Court's Final Order and Judgment, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission by or against the Released Parties, of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by the Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Court's Final Order and Judgment, the Settlement Agreement, the Released Claims, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in this Action, or submit in any other proceeding, the Court's Final Order and Judgment, the Settlement, and any other papers and records on file in this Action as evidence of the Settlement to support a defense of *res judicata*, collateral estoppels, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8. The Court hereby finds the Settlement Awards to Eligible Class Members provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

9. The Court also hereby approves and orders Enhancement Payments totalling $170,000.00 to be paid and distributed to the sixteen (16) Named Plaintiffs in accordance with the terms of the Settlement.

10. The Court hereby confirms Lynch, Hopper, Salzano & Smith, LLP, Kuller Law P.C., and Thierman Law Firm P.C., as Class Counsel in the action.

11. Pursuant to the terms of the Settlement, and the authorities, evidence, and argument submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees in the amount of $240,000.00, and costs and expenses in the amount of $114,832.00, to be deducted and paid from the Settlement Amount as final payment for, and complete satisfaction of, any and all attorneys' fees and costs incurred by or owed to Class Counsel or any other person or entity related to the Action. Such award of attorneys' fees and costs shall be administered in accordance with the Settlement, and transferred and made payable to Class Counsel in the Action.

12. Provided the Effective Date of the Settlement is the date of this Final Order and Judgment, the Court also hereby orders the Parties and Claims Administrator to comply with the Timeline ordered by the Court on August 3, 2015, to timely fund and deliver the Settlement Awards, Enhancement Payments, and attorneys' fees and costs as set forth in the Settlement Agreement, with the first installment payment beginning on September 1, 2015.

13. The Court hereby enters judgment in the Action, as of the date of entry of this Final Order and Judgment, pursuant to the terms set forth in the Settlement Agreement. Plaintiffs' Complaint (Doc. #1) is hereby dismissed with prejudice according to the terms of the Settlement and this Final Order and Judgment, without costs charged to any party except as provided therein.

14. Without affecting the finality of the Court's Final Order and Judgment in any way, or the Effective Date of the Settlement, the Court hereby retains continuing jurisdiction

over the interpretation, implementation, and enforcement of the Settlement, and all orders entered in connection therewith.

**IT IS SO ORDERED.**

Date: August 3, 2015

UNITED STATES DISTRICT COURT JUDGE